DUIGNAN v. WYATT and Another.

The refusing to give instructions to the jury, unless the record show them to be relevant to the issue, cannot be assigned for error.

A new trial will not be granted to a plaintiff, on the affidavit of a witness that he had forgotten, until after the trial, to mention a material fact invalidating one of the pleas.

ERROR to the *Owen* Circuit Court.

M'KINNEY, J.—This is an action of debt brought on a writing obligatory, by the assignee against the makers. The defendants pleaded seven pleas, upon each of which there was an issue to the country, and a verdict in favour of the defendants. A motion for a new trial was overruled, and judgment rendered on the verdict.

During the trial, the plaintiff moved the Court to instruct the jury, "that ignorance of the law, in relation to the contract between the payee and the defendants, is no excuse or defence for them in this action, and that a mistake by the defendants in a matter of law cannot be pleaded by them as a defence." This instruction was refused. It is settled by numerous decisions, that when instructions are refused by an inferior Court, the record must show the relevancy or irrelevancy of such instructions to the case pending, to enable the appellate Court to determine whether error was committed or not. In this case, there were seven issues of fact submitted to the jury, and as, from the record, the instructions asked stand insulated and unconnected with either of the issues, we must regard them as embracing an abstract proposition of law, and, consequently, recognize the refusal of the Circuit Court as correct.

A second bill of exceptions, taken by the plaintiff to the refusal of the Court to grant a new trial, sets out the affidavit of *John Foster*, upon which the motion for a new trial seems to have been founded. In the affidavit, *Foster* states "he was a witness in the case, and that after full investigation, he forgot to mention until after the trial, that *Christopher Wyatt* received from the administrator or executor of decedent, the sum of 45 dollars, as *Wyatt* informed him, which was to pay the store debt in one of the pleas mentioned." Upon this affidavit, we cannot

May Term, 1834.

say that the Circuit Court should have granted a new trial. It does not appear from the record, by whom, the plaintiff or the defendants, this witness was introduced, nor is this very material. It appears that he was examined, but that he did not, until after the trial, recollect the admission of one of the defendants of the receipt of money, which he informed him was to be applied to the payment of the store debt, in one of the pleas mentioned. Had this been recollected, and been considered by the Court as material, he could have been re-examined before the jury retired. An opportunity would then have been afforded for the correction of the omission. It is certainly too late after the verdict. We know of no case in which such an affidavit has induced the granting of a new trial.

We are therefore of opinion, that the Circuit Court was correct in refusing to give the instruction asked, and also in refusing to grant a new trial.

*Per Curiam.*—The judgment is affirmed with costs.

*I. Naylor*, for the plaintiff.

*C. P. Hester*, for the defendants.