THOMAS COCHRANE v. THOMAS MIDDLETON AND WIFE.

See this case as to a motion for a new trial on the ground of want of time to prepare for trial, inability to attend the trial on account of sickness, and surprise by the testimony of the party's own witness.

A new trial will not be granted on the ground of surprise or newly discovered evidence, where the effect will be to let in an inequitable defence.

Appeal from Austin. Action by the appellees on the promissory note of the appellant, payable to the wife. Defendant pleaded payment, and proved by a witness, that he, the witness, had paid Middleton about the amount of the note, by verbal order of the defendant; but the date of the order and payment was fixed by the witness anterior to the date of the note sued on. It was paid by credit, at cards. Verdict and judgment for plaintiffs. Motion for new trial, supported by defendant's affidavit that he had not had time to prepare for trial, wanted the testimony of a witness residing in Caldwell county who would prove the payment, his own inability to attend the trial, on account of sickness, and surprise at the testimony of his witness, who had erred in the date of the payment; and by the affidavit of the witness that he had erred in the date, as he found by reference to some papers in his possession, which showed that the order and payment were made after the date of the note. Motion overruled.

*N. Holland*, for appellant.

*Z. Hunt*, for appellees.

WHEELER, J. We are of opinion that the application for a new trial in this case was rightly refused. There is no pretence of newly discovered evidence. The additional evidence which it is proposed to adduce upon another trial, appears to

have been known to the party before the trial. But he states in his application that he had not time to obtain the testimony and prepare for the trial. Then he should have asked a continuance. As an excuse for not having done so, he further states that he was unable, from sickness, to attend the trial. It appears, however, that he was in attendance upon the Court, as well shortly before as after the trial. It would seem that he might have advised his counsel of his inability to prepare for the trial, and have been represented, though not able to be personally present, upon an application for a continuance. His presence was not indispensible for that purpose. But, under the circumstances, the Court may well have discredited the party's unsupported statement of his inability to be present at the time.

But it is insisted that the defendant was surprised by the statement of his witness Autrey as to the time of the alleged payment, and that as the witness has refreshed his recollection since the trial, a new trial ought to be granted, in order that the defendant may have the benefit of his better recollection of the fact. It is conceivable that a case might occur where a *bona fide* mistake of a witness as to a material fact, to which his attention had been sufficiently called in the examination, might operate a surprise, which would entitle the party to a new trial. But such a ground of surprise should be admitted with great caution. For after the evidence upon the trial has disclosed what precise statement will subserve the interest of the party, a willing witness might be too easily induced to supply the omission. A want of recollection of a fact which by due attention might have been remembered, is not a ground for granting a new trial. (7 Mass. R. 205 ; 3 Blackf. 385.) And it has been held that an affidavit made by one who had been a witness in a cause, swearing to further important facts not stated by him on the trial, because his recollection did not serve him, is only cumulative evidence, and therefore not sufficient ground for granting a new trial. (4 Harr. 76.)

The time of the alleged payment was certainly a most material fact; its materiality must have been known to the party; and yet it does not appear that the attention of the witness was called particularly to the fact. This, at least, should have been done in order that an opportunity might have been afforded him of correcting his statement, at the time, if indeed he was mistaken. Mere inadvertence is no excuse; for the party is supposed to know what is material, what he proposes to prove by the witness, and the importance of calling the attention of the witness to the facts which it is proposed to prove by his testimony.

If the fact was as now insisted, no reason is shown why it was not brought to the recollection of the witness, or why he was mistaken in his statement upon the trial; and this, we think, should be satisfactorily shown, to authorize the making of it the ground of awarding a new trial. For these reasons we think a new trial was very properly refused.

It may be further observed that applications for new trials proceed upon equitable grounds, and Courts may well refuse them when sought for the purpose of letting in inequitable defences. If therefore a case of surprise, or of newly discovered evidence, had been clearly made out, the Court might well have hesitated to grant a new trial, sought for the purpose of enabling the defendant to prove the payment of a debt by winning money at cards, though it was not shown that the playing was within the prohibition of the statute. The judgment is affirmed.

Judgment affirmed.