<hr />

## McQUEEN *v.* STEWART.

To obtain a new trial, on the ground of newly discovered testimony, the affidavit of the party seeking it is not sufficient: He must either produce the affidavit of the witness of what he will testify, or account for its absence.

The fact that a witness, in giving testimony, forgot to state a material fact, is not a ground for a new trial.

If a witness when produced is discovered to be intoxicated, the party who produced him should call the attention of the Court to the fact, and the Court,

May Term,
1856.

McQUEEN
v.
STEWART.

Friday,
June 6.

if the party is not in fault, should delay the trial to give the witness time to recover; and if the party neglects to take this precaution at the proper time, he can not afterwards allege the intoxication of the witness as a ground for a new trial.

APPEAL from the *Bartholomew* Circuit Court.

STUART, J.— *George Stewart* sued *George B. McQueen*, for the price of corn sold and delivered. There was a paragraph for other causes of action, to which no evidence seems to have been addressed. The defendant answered in several paragraphs, leading to issues of fact. Trial by the Court. Finding for the plaintiff for 115 dollars and 55 cents, and judgment.

The record does not purport to contain all the evidence.

During the term at which the judgment was rendered, *McQueen* moved the Court for a new trial—

1. Because of newly discovered evidence, material in the cause, which he was unable to discover before the trial.

2. That one of his witnesses failed to state matters of evidence material to the defence, because of intoxication when testifying.

In support of these causes, his own affidavit, and that of his proposed witness, *Omit*, are filed.

*Omit's* affidavit lends no aid to the first, viz., newly discovered evidence. And the affidavits of the witnesses *Ely* and *McQueen* to that point, are not produced, nor their absence accounted for. So that ground for a new trial wholly fails. For it is well settled that the affidavit of the party seeking the new trial is not sufficient; he must either produce the affidavit of the witness as to what he will testify, or account for its absence. *Mann* v. *Clifton*, 3 Blackf. 304.— *Cummins* v. *Walden*, 4 *id.* 307.— *Priddy* v. *Dodd*, 4 Ind. R. 84.

The intoxication of the witness does not, in this instance, bring *McQueen* within the rule. *Omit* himself is silent about the intoxication, and only says he forgot to state the demand, &c. The forgetfulness of the witness to state a material fact, is not good cause for a new trial. *Duignan* v. *Wyatt*, 3 Blackf. 385. *McQueen's* affidavit

states that he was not aware of the intoxication of *Omit* until the trial of the cause was commenced and the witness called to the stand. But that was not too late to remedy the mischief. He should have called the attention of the Court to the condition of the witness. If, after examining into the circumstances, the Court was satisfied that the witness was not in a situation to testify, and the party calling him was not in fault, the trial should be delayed to give the witness time to recover. *Mann* v. *Clifton*, 3 Blackf. 304.—*Iseley* v. *Lovejoy*, 8 *id.* 462. Having failed to take this proper precaution at the proper time, he can not afterwards avail himself of the intoxication of the witness as a ground for a new trial.

*Per Curiam.*—The judgment is affirmed, with 1 per cent. damages and costs.

*T. A. Hendricks* and *W. F. Pidgeon*, for the appellant.

*W. Herod* and *S. Stansifer*, for the appellee.