Filed Feb. 19, 1890.

———————◆———————

No. 15,001.

HOBBS ET AL. *v.* THE BOARD OF COMMISSIONERS OF TIP-
TON COUNTY ET AL.

JUDGMENT.—*Relief.—Application for.—Complaint.—County Commissioners.—
Falsity of Record.*—Where a complaint, in an application to set aside a judgment, amounts to no more than that since the trial of the cause in which the judgment was rendered the plaintiffs have discovered new evidence by which they can prove the falsity of the record of the board of commissioners establishing a gravel road, and showing notice of the filing of the report of the commissioners to assess the benefits, and the confirmation of such report by the board, a case for relief is not made under section 396, R. S. 1881, providing for the relief of a party from a judgment taken against him through his mistake, inadvertence, surprise, or excusable neglect.

SAME.—*New Trial.—Newly-Discovered Evidence.—Complaint.—Sufficiency of.*—Such a complaint is not sufficient, as a complaint, for a new trial, on account of newly-discovered evidence. To be good for that purpose, the evidence given on the former trial should be set out; the complaint should have been filed not later than the second term after the discovery of such evidence, and within one year from the date of the rendition of the judgment sought to be vacated.

From the Clinton Circuit Court.

*J. Jones, J. N. Sims* and *W. R. Oglebay,* for appellants.
*R. B. Beauchamp* and *W. W. Mount,* for appellees.

COFFEY, J.—This was an application in the court below

to vacate and set aside a judgment rendered in the Clinton Circuit Court, the complaint consisting of two paragraphs. The first paragraph of the complaint, omitting the formal parts, charges, substantially, that the appellants on the 29th day of January, 1884, filed their complaint in the Tipton Circuit Court against the appellees to enjoin them from the collection of an assessment for building and constructing gravel road number five, in Tipton county, Indiana; that the venue in said cause was changed from the Tipton Circuit Court to the Clinton Circuit Court, where the same was put at issue by filing a general denial to the complaint; that the same was tried by the court without the intervention of a jury, on the 11th day of January, 1887; that the trial of said cause resulted in a finding and judgment for the appellees; that upon the trial of said cause the appellants offered to prove by the auditor and two members of the board of commissioners of Tipton county that no notice was given by the said auditor of the filing of the cash assessment made by the viewers appointed by said board to view and assess the benefits to the lands of the appellants; that the court sustained an objection to such offered evidence, and the appellants excepted; that appellants offered and read in evidence the report of the first viewers appointed by said board to view the route of said proposed road, and then rested their cause; that the appellees to support their cause offered and read in evidence, over the objection of the appellants, the the record, or pretended record, establishing and ordering said gravel road number five, and also introduced the oral testimony of two of the viewers, the engineer and auditor, and rested their cause; that on the trial of said cause the appellees for the purpose of practicing a fraud upon the court, and upon the appellants, and for the purpose of obtaining an undue advantage of the appellants and a lien upon their lands, without due process of law, purposely, fraudulently, designedly and wilfully read in evidence to the court, over the objection of the appellants, a piece of paper, or

pretended record, showing that after the viewers appointed by said board had made their report on the 10th day of June, 1882, the auditor of said county had given notice of the filing of the same by publication in the Tipton Weekly Times, published in Tipton county, Indiana, and that said auditor had issued a summons to the sheriff of said county commanding him to summon said board to meet at the auditor's office on the 17th day of July, 1882, to act upon said report; that appellants can now prove by the papers printed and published within the period from the 10th day of June to the 17th day of July, 1882, that said pretended record is absolutely false, and that no notice of any kind was ever given by said auditor of the filing of said assessment, or of the time said commissioners would meet to act thereon; that appellants made diligent search and effort to discover and procure a copy of said paper to offer in evidence on the trial of said cause; that they issued a subpœna and caused the same to be served on John Behymer, the editor and publisher of said paper at the time said cause was tried; that he was unable to find a copy of said paper covering the period aforesaid; that they went to the residence of Jesse Alexander, father of the editor of said paper covering said period; that said former editor was in the city of Washington, D. C., at the time of said trial, and had been there residing long before that time; that they were wholly unable to learn the whereabouts of the other editor of said paper, and after diligent inquiry and search among the neighbors, they were unable to find a copy of said paper before the trial of said cause; that the appellants were defeated in their said cause by means of said pretended record, and judgment was thereupon rendered against them; that said judgment is in conflict with the constitutional requirements of article 14, section 1, of the Constitution of the United States, and section 28, article 4, of the Constitution of the State of Indiana.

The second paragraph contains the same charges as the first in relation to the commencement of the suit, the change

of venue, the issues and the trial of the cause, and the result of the suit. It then charges that on the trial of said cause the appellants introduced a part of the record establishing gravel road number five, in Tipton county, and that they offered to prove by the auditor of Tipton county and two members of the board of commissioners of said county, that said record was not the record of said board, the same never having been read over to them and signed; that the same was signed long after the first trial of this cause in the Supreme Court, and that the same had been interlined and changed from its first condition, and that when the assessment was made for the location, construction and building of said road, and the report filed in the auditor's office, no notice of any kind was given of the filing of the same, and that no notice was given of the day set for the hearing of the same, and that no summons was issued calling said board together in special session, and that they never did meet and confirm said report, as shown by said record, and that said record was made by said auditor long after its date, and the names of the board of commissioners appended thereto by said auditor; and that the court sustained an objection to said offered evidence, to which appellants excepted; that said appellants having rested their cause, the appellees, to sustain the issue on their part, read in evidence, over the objection of the appellants, the record of the board of commissioners of Tipton county establishing said gravel road, and establishing and confirming said assessment; that on the trial of said cause the appellees, for the fraudulent purpose of deceiving the court and thereby obtaining a judgment confirming said assessment, fraudulently and designedly read in evidence, over the objection of the appellants, the record of the said board in regard to the report of said viewers, showing that after the report of said viewers was filed, on the 10th day of June, 1882, the auditor issued a summons calling said board together in special session on the 17th day of July, 1882, to act on said report; and reciting that notice had

been given of the filing of said report by publication in the Tipton Times, and of the time of hearing and passing upon said report by said board; when in truth and in fact they well knew that said board had not been called together in special session, and that no notice of any kind whatever had been given of the time and place for acting by said board on said report, and with full knowledge of these facts the appellees fraudulently and designedly introduced and read in evidence said pretended record for the purpose of deceiving and misleading the court, and to obtain a judgment against the appellants; that for the purpose of deceiving the court and the appellants' counsel, the appellees changed or interlined, or procured some one to interline said record so as to show that said viewers met at the time set out in the order of said board; that said change was known to the appellees' counsel at the time said record was so read in evidence; that at the date of said trial the appellants had no means at hand but oral evidence to prove said change, which the court refused to admit; that they have lately discovered, and now have the report made by the first viewers appointed by said board; that previous to said trial the appellants searched the auditor's and surveyor's offices, and all other places where said report was likely to be found, and failed to find the same; that said report shows upon its face that said viewers did not meet at the time and place set out in the order, viz., on the 22d day of August, 1881, and shows that the record originally made was correct, and the said interlineation was and is not a part of said report; that since the trial the appellants have discovered that said record was written by the auditor of said county long after the date of the approval of said report, and is not the judgment of said board. The complaint then sets out the search for copies of the Tipton Times as set out in the first paragraph of the complaint, and the inability of the appellants to find the same until after the trial of said cause, and then charges that upon the trial of said cause appellants relied upon the appellees and the

auditor to take the stand and testify that said notices were never given, and that said board was not called together on the 17th day of July, 1882, the appellants not having any other proof on said points; that said defendants, knowing that said record did not speak the truth, and knowing the facts as above set forth, introduced and read in evidence said pretended record for the purpose of deceiving the court, and that by means of such deception and fraud the appellees recovered said judgment against the appellants; that appellees had stated to appellants that said record was false, and that by reason of such statement appellants thought, and had the right to think, that they would not introduce the same in evidence; that appellants now have copies of the Tipton Times by which they can prove that notice of the time and place of hearing the report of said viewers was not published therein. Prayer that the judgment be set aside and appellants granted a new trial.

A several demurrer to each paragraph of the complaint was sustained, and the appellees had judgment for costs.

The assignment of error calls in question the correctness of this ruling.

The theory of the appellants, as set forth and elaborately argued in their brief, is that the case as made by the complaint falls within the provisions of section 396, R. S. 1881, which provides that the court may, at any time, in its discretion, and upon such terms as may be deemed proper for the furtherance of justice, direct the name of any party to be added or struck out; a mistake in name, description, or legal effect, or in any other respect, to be corrected; any material allegation to be inserted, struck out, or modified, etc.; and that the court may also, in its discretion, allow a party to file his pleading after the time limited therefor; and shall relieve a party from a judgment taken against him through his mistake, inadvertence, surprise, or excusable neglect, and supply an omission in any proceedings, on complaint or motion within two years.

We are of the opinion that the complaint before us does not make a case for relief under this section of the statute. The appellants claim that they were surprised by the action of the appellees in reading in evidence a record of the board of commissioners of Tipton county, establishing gravel road number five, and showing notice of the filing of the report of the commissioners to assess the benefits, and the confirmation of such report by the board. We can not overlook the fact, in this connection, that the appellees were seeking to enforce this assessment, and that the appellants were seeking to enjoin them from so doing. Under such circumstances the appellants had no right to rely upon the presumption that the appellees would not read the record upon which the assessment then in controversy rested. *Burton* v. *Harris,* 76 Ind. 429; *Birch* v. *Frantz,* 77 Ind. 199; *Bowen* v. *Bragunier,* 88 Ind. 558; *Center Township* v. *Board, etc.,* 110 Ind. 579.

Indeed, it appears, from the complaint, that the appellants were fully aware of the want of notice and the changed condition of the record, and had witnesses present by whom they sought to prove such fact. We have no means of knowing the grounds upon which the court excluded such evidence, but we must presume, in support of the action of the court, that sufficient grounds existed for its exclusion. We must presume, also, that there was proof before the court that the record of the board of commissioners of Tipton county was genuine, otherwise it would not have been admitted in evidence over the objection of the appellants. If a judgment could be set aside by complaint at any time within two years after its rendition, because the testimony of one party or the other to the suit was not true, there would be no end to litigation.

Stripped of all extrinsic matter, the complaint before us amounts to nothing more than that since the trial of the cause in which the judgment was rendered against the appellants, they have discovered new evidence by which they can

prove the falsity of the record of the board of commissioners of Tipton county.   As a complaint for a new trial on account of newly-discovered evidence, the one before us is not sufficient.   To be good for that purpose, the evidence given on the former trial should be set out.   This is not done.   It should have been filed not later than the second term after the discovery of such new evidence.   The complaint fails to aver this essential fact.   Nor was the complaint filed within one year from the date of the rendition of the judgment sought to be vacated.

In 2 Story Eq. Jur. (13th ed.), section 896, the learned author says :

" Courts of equity, like courts of law [before granting new trials will], require due and reasonable diligence from all parties in the suit.   *   *   ' It is not sufficient to show that injustice has been done ; but that it has been done under circumstances which authorize the court to interfere.   Because if a matter has been already investigated in a court of justice according to the common and ordinary rules of investigation, a court of equity can not take on itself to enter into it again.   Rules are established, some by the legislature and some by the courts themselves, for the purpose of putting an end to litigation.   And it is more important that an end should be put to litigation than that justice should be done in every case.' "

In this case all the facts set up in the complaint were fully known to all the parties at the time of the trial.   The only change in the attitude of the parties is, that since the trial the appellants have discovered evidence which they claim would change the result if a new trial is awarded them. As we have seen, the complaint is not sufficient, as a complaint, for a new trial, on account of the discovery of new evidence.

Judgment affirmed, with costs.

Filed Feb. 19, 1890.