# First National Bank of Dillsboro *v.* Mulford

## et al

### [No. 7,286.    Filed June 20, 1911.]

1. New Trial.—*Complaint.—Exhibits.—Foreign Affidavits.—Authentication.*—An affidavit, certified by an officer of a sister state and attached as an exhibit to a complaint for a new trial on the ground of newly-discovered evidence, after the term, cannot be considered as a part thereof where it is not authenticated as required by §498 Burns 1908, §475 R. S. 1881, providing that "when any affidavit is taken in another state, and certified by the officer or justice of the peace taking the same, under his hand and seal of office, if he have any such seal, and attested by the clerk of the circuit or district court, or court of common pleas of the county where such officer exercises the duties of his office, under the hand of the clerk and seal of his court, the clerk also certifying that the officer or justice of the peace is, by the laws of said state, duly empowered to administer oaths * * * such affidavit shall be deemed sufficiently authenticated." p. 87.

2. New Trial.—*Newly-Discovered Evidence.—How Shown.—Complaint.*—A verified complaint for a new trial on the ground of newly-discovered evidence, after the term, setting out the name of the witness relied upon and the facts to which he will testify, sufficiently shows such newly-discovered evidence without an exhibit setting out the authenticated affidavit of the witness. p. 88.

3. Pleading.—*Motion for New Trial.—Newly-Discovered Evidence.*—In determining the sufficiency of a motion for a new trial on the ground of newly-discovered evidence, the court can look only to the facts set out in affidavits on file. p. 89.

4. NEW TRIAL.—*Action for.*—*Newly-Discovered Evidence.*—*Procedure.*—The procedure in an action for a new trial on the ground of newly-discovered evidence, after the term, is similar in pleading and proof to any other civil action. p. 89.

5. NEW TRIAL. — *Newly-Discovered Evidence.*—*Diligence.*—*Complaint.*—A complaint for a new trial, after term, on the ground of newly-discovered evidence, must set out the facts showing the requisite diligence to discover such evidence before the trial. p. 90.

6. NEW TRIAL.—*Newly-Discovered Evidence.*—*Diligence.*—*Absent Witness.*—*Complaint.*—A complaint for a new trial, after the term, on the ground of newly-discovered evidence, alleging that the witness whose testimony was relied upon as a basis for securing such new trial was a defaulter and had absconded on August 8, 1907, and that from that time until his arrest, on April 28, 1908, appellant made diligent search for him in all parts of the world, but could not find him, shows sufficient diligence up to the time of the arrest, but not afterwards; and as neither the complaint nor the judgment sets out the date of the trial, the complaint is insufficient to show proper diligence before such trial. p. 90.

From Dearborn Circuit Court; *George E. Downey,* Judge.

Action by the First National Bank of Dillsboro, Indiana, against Cora P. Mulford and others. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*McMullen & McMullens,* for appellant.
*Givan & Givan,* for appellees.

LAIRY, C. J.—The complaint in this case was filed in the Dearborn Circuit Court to obtain a new trial under the provisions of §589 Burns 1908, §563 R. S. 1881, providing for the granting of a new trial in cases where the cause therefor is discovered after the term at which the verdict or decision was rendered. The complaint was based on the ground of newly-discovered evidence.

The complaint alleges that appellant brought an action against Cora P. Mulford in the Dearborn Circuit Court, on May 15, 1907, upon a promissory note for $135.90, and that the same plaintiff afterwards brought another action against Cora P. Mulford, Oliver P. Mulford and Ulysses G. Mul-

ford, upon two promissory notes executed by said defendants; that afterwards said actions were consolidated, and defendant Cora P. Mulford filed an answer, alleging that she was a married woman, and that she executed said note as surety for the other two defendants, and received no part of the consideration of said note. The complaint further shows that a trial was had upon the issues thus formed and a judgment rendered in favor of defendant Cora P. Mulford.

The complaint then alleges that Fred Lubbe was the cashier of the bank at the time said notes were executed, that he personally made the loan, was familiar with all the facts and circumstances of the transaction, and that he would testify that he made the loan directly to Cora P. Mulford and delivered the money to her, and that she represented that she was borrowing the money for her own use, and was not security for any person; that he relied upon these statements in making the loan, and was induced thereby to make it, and that he had no knowledge that any person other than Cora Mulford had any interest in the money realized therefrom. It is upon his testimony as set out in the complaint that appellant relies as its ground for a new trial.

The evidence introduced at the former trial is attached to the complaint as an exhibit, as is also a paper purporting to be an affidavit of Fred Lubbe, as to the facts within his knowledge, and to which he will testify in the event a new trial is granted. The complaint contains other averments, but we shall refer to only such parts of the complaint as are necessary to the understanding of the questions presented.

A demurrer to the complaint was sustained, appellant refused to amend or plead further, and judgment was rendered against it. The only question presented on appeal is the correctness of the ruling of the trial court in sustaining the demurrer to the complaint.

The complaint is objected to on the ground that the affi-

davit of Fred Lubbe attached to the complaint, and stating the facts to which he will testify, is not properly au-

1. thenticated, and cannot be treated by the court as an affidavit. The objection to the sufficiency of the affidavit is well taken. Section 498 Burns 1908, §475 R. S. 1881, provides that "when any affidavit is taken in another state, and certified by the officer or justice of the peace taking the same, under his hand and seal of office, if he have any such seal, and attested by the clerk of the circuit or district court, or court of common pleas of the county where such officer exercises the duties of his office, under the hand of the clerk and seal of his court, the clerk also certifying that the officer or justice of the peace is, by the laws of said state, duly empowered to administer oaths and affirmations, and take affidavits, every such affidavit shall be deemed sufficiently authenticated, and may be received and used in any of the courts of this State."

It was held in the case of *Jackson* v. *State* (1903), 161 Ind. 36, that an affidavit filed in support of a motion for a new trial, taken in the State of Tennessee and not authenticated according to the requirements of the statute before quoted, could not be received or used in the courts of this State. The court said: "Authority to take and certify affidavits does not belong to the office of notary public at common law, but whether it does or not is immaterial, since a legislative enactment is paramount to the common law, and the above statute specifically prescribes how an affidavit taken in a foreign state must come authenticated to receive faith and credit in our courts. It is provided that an affidavit shall be subscribed and certified by the officer, or justice of the peace, under his hand and seal of office, if he have one, and attested by the clerk, who shall also certify that such officer, or justice of the peace, is by the laws of said state empowered to administer oaths and take affidavits. The fixing of the specific mode of authentication must be held to exclude all other modes, and hence the courts have

no authority to heed an affidavit that is not vouched in the manner provided by law.''

The affidavit, filed as an exhibit in this case, shows by its caption that it was taken in the county of Leavenworth, and State of Kansas. As this affidavit is not authenti-
2.   cated in accordance with the requirements of §498, *supra*, and cannot be considered in determining the sufficiency of the complaint, we are led to inquire whether it is necessary, in order to make the complaint in this case sufficient to withstand demurrer, that the affidavit of the person whose evidence is alleged to have been newly discovered, stating the facts to which he will testify, shall be filed with the complaint as an exhibit. It is undoubtedly true that a complaint to obtain a new trial, on the ground of newly-discovered evidence, must set out the evidence alleged to have been discovered, and if it consist of oral testimony, the name of the witness must be given, with a statement of the facts to which he will testify. These facts must appear either from the averments in the body of the sworn complaint, or from the affidavit of the person, by whom it is alleged they can be proved, filed as an exhibit. In this case, the body of the complaint, which is sworn to, contains a statement of the name of the witness by whom the facts alleged to be newly discovered can be proved, and also a statement of the facts to which he will testify. For the purpose of the demurrer, it is admitted that the witness named in the complaint will testify to the facts stated therein. The affidavit of the party by whom such facts could be proved would tend only to show the truth of the facts, which are admitted by the demurrer, and would therefore add nothing to the force or effect of such admission.

The case of *East* v. *McKee* (1895), 14 Ind. App. 45, is cited by appellant as tending to support his contention on this point. It does not appear in that case that the name of the witness and the facts to which he would testify were set out in the body of the complaint. If these facts do not

appear in the body of the sworn complaint they must appear by the affidavit filed therewith as an exhibit, or the complaint will be insufficient to withstand demurrer.

Where a motion for a new trial on the ground of newly-discovered evidence is filed, the motion should be supported by an affidavit of the person by whom it is alleged the newly-discovered facts can be proved, stating the facts to which he will testify, and that a failure to file such affidavit or to state a valid excuse for not doing so, will render the motion insufficient. *Ogden* v. *Kelsey* (1892), 4 Ind. App. 299; *McQueen* v. *Stewart* (1856), 7 Ind. 535; *Spaulding* v. *State* (1904), 162 Ind. 297.

In passing upon a motion for a new trial on the ground of newly-discovered evidence, the court must determine the facts upon which the ruling is based from the affidavits on file. The motion is either granted or refused on the facts disclosed by the affidavits. Where a complaint to obtain a new trial on the ground of newly-discovered evidence is filed after the term, and its sufficiency is tested by demurrer, quite a different question is presented. It is not then a question as to whether the facts pleaded in the complaint are true, but, considering them to be true, the question is whether the plaintiff is entitled to a new trial. If the complaint is held sufficient, the defendant may deny the facts alleged therein, in which case the plaintiff is required on the trial to sustain by a preponderance of the evidence every material fact upon which he relies for a new trial. After hearing the evidence, the court is called upon for the first time to determine the truth of the facts upon which he is to decide whether a new trial shall be granted or refused. It will readily be seen that the reasons for requiring an affidavit of the character referred to as a part of the motion for a new trial, on the ground of newly-discovered evidence, does not apply to a complaint to obtain a new trial for the same cause filed after term. We therefore hold that where the sworn complaint in

such a case states the name of the person by whom such newly-discovered facts can be proved, and the facts to which he will testify, such facts need not appear in an affidavit made by such person and filed as an exhibit.

The complaint is also assailed on the ground that the facts averred therein do not show that appellant exercised due diligence to discover the evidence before the trial, or during the term at which the verdict was rendered or the decision made. A litigant seeking a new trial on the ground of newly-discovered evidence must allege facts showing that he has been diligent in his efforts to discover and produce the evidence, and that, despite such diligence, he was unable to discover it until after the term at which the verdict was returned or the decision rendered. *Hines* v. *Driver* (1885), 100 Ind. 315; *East* v. *McKee, supra.*

The rule requiring diligence to be shown has been enforced with great strictness. In the case of *Chicago, etc., R. Co. v. McKeehan* (1892), 5 Ind. App. 124, the court states the rule thus: ''The law treats with disfavor all attempts to reopen causes upon the ground of newly-discovered evidence, and never permits it to be done except upon a clear and unequivocal showing that the applicant was diligent in his efforts to procure the evidence for the first trial. It will be presumed that the litigant could have discovered the evidence in due time by the use of proper means, and this presumption can only be rebutted by a satisfactory showing to the contrary, particularly stating the means employed.'' As sustaining this principle we cite the following cases: *Baker* v. *Joseph* (1860), 16 Cal. 173; *Wynne* v. *Newman's Admr.* (1881), 75 Va. 811, 817; *Wallace* v. *Tumlin & Stegall* (1871), 42 Ga. 462; *Hobler* v. *Cole* (1874), 49 Cal. 250; *Moore* v. *Philadelphia Bank* (1819), 5 S. & R. 40; *People* v. *Sutton* (1887), 73 Cal. 243, 15 Pac. 86; *Keisling* v. *Readle* (1891), 1 Ind. App. 240.

As bearing upon the question of diligence, the complaint in this case shows that Fred Lubbe, the witness by whom

appellant states it is able to prove the facts upon which it relies for a new trial, left for parts unknown on August 8, 1907; that he was a defaulter and a fugitive from justice, and that his whereabouts was unknown until he was arrested on April 28, 1908, at Los Angeles, California; that from the time he left until the time of his arrest, the officers of appellant bank, by means of detectives and police departments, diligently prosecuted a search for him in all parts of the world. These averments show sufficient diligence on the part of appellant prior to the date of Lubbe's arrest on April 28, 1908, but no facts are alleged showing any diligence whatever after that time.

The complaint does not show the date upon which the trial took place. The averment of the complaint is "that said cause came on for trial in said Dearborn Circuit Court on the — day of ———, 1908, and was consolidated with cause number 3,621 in said court by agreement of parties." The complaint shows that the evidence was heard and a judgment rendered, but is silent as to the date upon which this occurred. From these averments the court cannot determine what time in the year of 1908 the case was tried. From aught that appears from the complaint, this trial may have occurred after the arrest of Lubbe on April 28, 1908. There is no averment in the complaint that the officers of appellant bank did not know of the arrest as soon as it occurred. They were in a position to know the connection which Lubbe had with the bank at the time the loan was made, and to know that his connection with the transaction was such as would, in all probability, enable him to know the facts pertaining to the execution of the notes. This being true, due diligence on the part of appellant required that its officers should place themselves in communication with Lubbe as soon as they learned of his arrest. If the case had not been tried at that time, they should have taken his deposition, and produced it at the trial; but if the case had been tried, and the term at which the trial occurred had not ex-

pired, they should have procured his affidavit and made use of it in an application for a new trial during the term. If the case had been tried at a term of court which had expired before the officers of appellant bank learned of the arrest of Lubbe, this fact should be averred in the complaint. The complaint avers that the officers of the bank did not learn from Lubbe the details concerning the Mulford loan until August 31, 1908, which was more than three months after his arrest. No facts are averred showing that they made any effort during that time to ascertain what he knew in reference to the transaction, and no excuse is shown by the complaint for the failure to make such investigation.

The complaint fails to show such diligence on the part of appellant as the law requires. The court correctly sustained the demurrer to the complaint. Judgment affirmed.