McKERNAN, ADMINISTRATOR, v. ESTABROOK, ADMINISTRATOR.

[No. 9,258. Filed April 24, 1917. Rehearing denied October 9, 1917. Transfer denied December 13, 1917.]

1. NEW TRIAL.—*Grounds.*—*Newly-Discovered Evidence.*—*Showing.* —*Sufficiency.*—*Statute.*—An application for new trial under §589 Burns 1914, §563 R. S. 1881, on the ground of evidence discovered after term, will be granted only on a showing of diligence so broad as to dissipate all surmise that the applicant was delinquent, as it is the policy of the law to look with disfavor upon actions under such statute. p. 215.

2. NEW TRIAL.—*Independent Action.*—*Nature of Remedy.*—*Statute.* —The right to a new trial after term, as provided under §589 Burns 1914, §563 R. S. 1881, is purely statutory, and the burden is on the applicant to allege and prove every fact necessary to entitle him to the remedy provided. p. 216.

3. NEW TRIAL. — *Independent Action.* — *Complaint.* — *Time for Filing.*—In an action for new trial under §589 Burns 1914, §563 R. S. 1881, providing that where causes for a new trial are discovered after the term at which the verdict or decision was rendered, the application may be made by a complaint not later than the second term after the discovery of the facts on which it is based, but that no application shall be made more than a year after final judgment, the complaint must not only show that the application was made within one year after final judgment, but also not later than the second term after such discovery. p. 217.

4. NEW TRIAL.—*Independent Action.*—*Complaint.*—*Newly-Discovered Evidence.*—*Diligence.*—In an independent action for new trial after the term under §589 Burns 1914, §563 R. S. 1881, a

complaint based on newly-discovered evidence must show not only that diligence was used to discover and produce such evidence at the trial, but also that it could not have been discovered by the use of diligence before the close of the term at which judgment was rendered, or at least before the expiration of the time for filing a motion for new trial.   p. 218.

5.   NEW TRIAL.—*Independent Action.—Complaint.—Sufficiency.— Newly-Discovered Evidence.—Diligence.*—In an action for new trial after term under §589 Burns 1914, §563 R. S. 1881, a complaint based on newly-discovered evidence, which merely alleged that applicant did not know at the time of entering upon the trial, that an opposing witness would give certain testimony is insufficient to show proper diligence.   p. 219.

6.   PLEADING.—*Complaint.—Theory.*—A complaint must proceed on a single definite theory, and plaintiff, if he recovers at all, must recover on the theory adopted therein.   p. 221.

7.   APPEAL.—*Rehearing.—New Points.—Theory of Complaint.— Change.*—Where appellant in his original brief treated his complaint as being based on §589 Burns 1914, §563 R. S. 1881, relating to independent actions for new trial, he cannot contend for the first time on rehearing that the complaint is sufficient as a common-law action for the relief sought.   p. 221.

From Marion Probate Court (742); *Mahlon E. Bash,* Judge.

Action by James H. McKernan, administrator of the estate of Gamaliel Scott, deceased, against Gay R. Estabrook, administrator of the estate of Ada M. Scott, deceased. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Whitcomb, Dowden & Stout,* for appellant.

*Gay R. Estabrook,* for appellee.

BATMAN, J.—Appellant filed his complaint in the court below on April 5, 1913, for a new trial after term, under §589 Burns 1914, §563 R. S. 1881. Appellee filed a demurrer thereto for want of facts, which was sustained. Appellant refused to plead further, and judgment was thereupon rendered against

him that he take nothing by his action, and for costs. This appeal is prosecuted for a reversal of such judgment, and appellant has assigned as error the action of the court in sustaining appellee's demurrer to his complaint. The complaint alleges in substance that a cause was pending in the probate court of Marion county, Indiana, in which the appellant in this cause sought to recover certain moneys in the hands of Gay R. Estabrook, who was then guardian of Ada M. Scott, as the property of appellant's decedent; that the complaint in that cause was answered by a general denial, trial had on March 19, 1912, and judgment rendered on April 5, 1912; that, to sustain the issue on the part of the plaintiff, the defendant introduced at the trial of said cause the testimony of one William E. Berner, which testimony was to the effect that during the years 1894, 1895, and 1896 the ward of the defendant had earned, as an employe of the Merritt Woolen Mills, in the city of Indianapolis, Indiana, from $8 to $10 per week; that said evidence of said William E. Berner was one of the principal grounds upon which the court denied plaintiff a recovery in said cause; that since the trial of said cause and since the close of the term at which said cause was tried and judgment rendered as aforesaid, this plaintiff has discovered the following causes for a new trial, viz.: That said witness, William E. Berner, who testified as to the earnings of the defendant's ward in said cause, has admitted his error as to the time that defendant's ward, Ada M. Scott, earned said money about which he testified in said cause; that the erroneous testimony of said Berner as to the earnings of said Ada M. Scott during her residence in the city of Indianapolis, as stated by said Berner, was the only testimony in said cause to the effect that

during said years the defendant's ward had earned any money which was standing to her credit at the time of the death of Gamaliel Scott, deceased; that said Berner will now testify that he was in error in so testifying in the trial of said cause above referred to; that this plaintiff did not know at the time of entering upon the trial of said cause that any one would testify that said Ada M. Scott earned money in the city of Indianapolis during said years; that plaintiff further says he believes that, by virtue of the testimony of said Berner, the court in the trial of said cause was led to believe and did find that part of the moneys deposited in the bank to the credit of Ada M. Scott, at the time of the death of Gamaliel Scott, was the property of the defendant in said cause, and that on account of such testimony the finding of the court as to the amount of money which was the property of Ada M. Scott at the time of the death of Gamaliel Scott was too large; that all the pleadings in said cause are on file in said court, and made a part hereof. The prayer is for a new trial.

It is a well-settled policy of the law in this state to look with disfavor upon actions of this kind, and to grant such applications with reluctance. The courts therefore require a very strict showing 1. to be made of all the necessary facts before relief will be granted, and will indulge strong presumptions that by proper effort the party might have discovered the evidence and used it on the trial, and that his not having done so is owing either to intentional omission or to unpardonable neglect. To rebut this presumption, he must make out a case free from delinquency. His excuse must be so broad as to dissipate all surmise to the contrary. He must show that he was on the alert, but that, notwithstanding,

the evidence eluded him. *Hines* v. *Driver* (1885), 100 Ind. 315; *Davis* v. *Davis* (1895), 145 Ind. 4, 43 N. E. 935; *Keisling* v. *Readle* (1890), 1 Ind. App. 240, 27 N. E. 583; *Chicago, etc., R. Co.* v. *McKeehan* (1892), 5 Ind. App. 124, 31 N. E. 831; *East* v. *McKee* (1895), 14 Ind. App. 45, 42 N. E. 368; *Bertram* v. *State, ex rel.* (1903), 32 Ind. App. 199, 69 N. E. 479; *First Nat. Bank* v. *Mulford* (1911), 48 Ind. App. 84, 95 N. E. 432; *Meldon* v. *Cox* (1915), 60 Ind. App. 403, 110 N. E. 1008; *Zimmerman* v. *Weigel* (1901), 158 Ind. 370, 63 N. E. 566. We are bound by this policy and must be controlled by these authorities in determining the instant case.

The section of the statute under which this action is brought, being §589 Burns 1914, *supra,* provides as follows: "Where causes for a new trial are 2. discovered after the term at which the verdict or decision was rendered, the application may be made by a complaint filed with the clerk, not later than the second term after the discovery, on which a summons shall issue, as on other complaints, requiring the adverse party to appear and answer. The application shall stand for hearing at the term to which the summons is returned executed, and shall be summarily decided by the court upon the evidence produced by the parties. But no such application shall be made more than one year after the final judgment was rendered." In the absence of this statute, there would be no such right of action, and hence the burden was on appellant to allege and prove every fact necessary to entitle him to the remedy provided. 36 Cyc 1188; *City of Peru* v. *Cox* (1909), 173 Ind. 241, 90 N. E. 7; *Daugherty* v. *Payne* (1911), 175 Ind. 603, 95 N. E. 233; *Silver, etc., Co.* v. *Indiana State Board, etc.* (1904), 35 Ind. App. 438, 72 N. E. 829; *Southern*

R. Co. v. *Town of French Lick* (1912), 52 Ind. App. 447, 100 N. E. 762. It will be observed that this statute provides, that "the application may be made by a complaint filed with the clerk, not later than the second term after the discovery  *  *  *  , and shall be summarily decided by the court upon the evidence produced by the parties." It also provides that "no application shall be made more than one year after the final judgment was rendered." It thereby appears that it was the purpose of the legislature, not only to limit the time in which any such application might be made in any event, but also to limit the time in which such application might be made after discovery, and provides for a prompt disposal thereof by the court. It has been expressly held that the complaint in an action of this kind must show that it was commenced within the year limited by the statute. *Hiatt* v. *Ballinger* (1877), 59 Ind. 303.

The reason for this requirement is equally applicable to the provision limiting the time in which such action may be made to the second term after 3. the discovery. We cannot treat such limitation as an idle provision, but must assume that it was inserted to aid in an early disposition of any question that might arise thereunder, and to provide a closer restriction than was made by the one-year limitation. We therefore conclude that the complaint in an action under this statute must allege facts which not only show the application was made within one year after the final judgment was rendered, but also not later than the second term after such discovery. The complaint in this case does not disclose when the alleged cause for a new trial was discovered, or any facts from which it may be inferred that such application was made not later than the second term after

such discovery as the statute requires. This was the omission of a material allegation. *Hobbs* v. *Board, etc.* (1890), 122 Ind. 180, 187, 23 N. E. 714.

It is well settled that, in actions of this kind based on newly-discovered evidence, the complaint must show that diligence had been used to discover 4. and produce such evidence at the trial in which the judgment sought to be vacated was rendered. *Hines* v. *Driver, supra; East* v. *McKee, supra; Osgood* v. *Smock* (1896), 144 Ind. 387, 40 N. E. 37; *Davis* v. *Davis, supra; Allen* v. *Bond, Trustee* (1887), 112 Ind. 523, 14 N. E. 492. It must also be shown in such complaint that such evidence could not have been discovered by the use of diligence before the close of the term at which such judgment was rendered, or at least before the expiration of the time fixed by statute for the filing of a motion for a new trial. *Ragsdale* v. *Matthews, Admr.* (1883), 93 Ind. 589; *Hines* v. *Driver, supra; Keisling* v. *Readle, supra; First Nat. Bank* v. *Mulford, supra; Jones* v. *Kolman* (1911), 50 Ind. App. 158, 98 N. E. 74. This is required in order that the court may know that the applicant for such new trial not only used every reasonable effort to prepare for the trial of such cause but, after having been defeated, he used a like effort to discover such evidence, in time to avail himself of the same, by the usual procedure for obtaining a new trial, and thus avoid a resort to the extraordinary proceeding for such purpose provided by statute. This is necessary, since a failure to use such diligence will deprive such applicant of the right to resort to the remedy provided by the statute under consideration. It has also been held that such complaint must state the facts constituting such diligence. If it consisted in making inquiries, the time, place, and circum-

stances must be stated, in order that the court may know that such inquiries were made in the proper quarter and in due season. *Osgood* v. *Smock, supra; Davis* v. *Davis, supra; Bertram* v. *State, ex rel., supra; McDonald* v. *Coryell* (1893), 134 Ind. 493, 34 N. E. 7; *Morrison* v. *Carey* (1891), 129 Ind. 277, 28 N. E. 697.

Measured by those requirements, and indulging the necessary presumptions as stated, it is clear that the complaint in this action is not sufficient to withstand a demurrer for want of facts. The allegations in the complaint as to the issues and evidence in the cause in which a new trial is sought are meager, but it appears that such action was brought by appellant to recover, as the property of his decedent, certain moneys in the hands of Gay R. Estabrook, as guardian of Ada M. Scott; and that at the trial it was material to know what money may have been received by the said Ada M. Scott during the years 1894, 1895 and 1896. It is alleged that one William E. Berner testified that said Ada M. Scott had earned, as an employe of the Merritt Woolen Mills, in the city of Indianapolis, Indiana, from $8 to $10 per week during such time; that since the trial of said cause and since the close of the term at which said cause was tried and judgment rendered, said witness has admitted his error as to the time when said Ada M. Scott earned said money, and will testify to such fact. The only allegation on the question of diligence is that appellant did not know at the time of entering upon the trial of said cause that any one would testify that said Ada M. Scott earned money in the city of Indianapolis during said years. Such allegation is clearly insufficient to show proper diligence to discover such newly-discovered evidence in time to

have used it on the trial or as the basis for a motion for a new trial within the time limited by the statute then in force in that regard.

If a question arose on the trial as to what money Ada M. Scott received in the years 1894, 1895, and 1896, as bearing on the ownership of the moneys involved in such action, it is fair to presume that such question should have been anticipated by appellant in making preparation for the trial. Reasonable diligence would have led to an inquiry as to what money she had earned during such time. An investigation of such fact would have disclosed that she had, or had not, worked at said woolen mills during such time. If it disclosed that she had not worked there during such time, appellant would have been in possession of such fact at the time of the trial, and would have known at once that the witness Berner was mistaken in his testimony. This would have enabled him, if not during the trial, at least before the close of the term, or within the time in which a motion for a new trial could have been filed, to have made inquiry at such woolen mills as to such facts, called the witness's attention to the error in his testimony, secured a correction thereof, and thus availed himself of such correction without resort to the remedy provided by this extraordinary procedure. At least some such attempt could have been made and such fact would have served as some evidence of diligence. This is only the suggestion of a single act of diligence, but others on reflection will readily occur. However, no act of diligence whatever is alleged in the complaint, but appellant has been content to rest his cause in this regard on the bare allegation that he did not know at the time of entering on the trial of the cause that any one would so testify. Under the allegations of the com-

plaint, we are not able to say that such fact will excuse appellant from showing diligence; or, in other words, that such alleged want of knowledge can be taken as a substitute for a showing of diligence.  We are therefore forced to the conclusion that such allegation as to want of knowledge on the part of appellant, standing alone, will not rebut the presumption which he · is bound to overcome in order to be entitled to the remedy sought.  The record therefore presents no reversible error.

Judgment affirmed.

### On Petition for Rehearing.

Batman, J.—Appellant has filed a petition for a rehearing in this cause, in which he asserts that his complaint is sufficient as a common-law action for the relief sought, regardless of §589 Burns 1914, §563 R. S. 1881, and that this court therefore erred in affirming the judgment of the trial court. In determining the sufficiency of appellant's complaint, we were compelled to consider it under the well-settled rule that a complaint must proceed on a single definite theory, and that the plaintiff, if he recovers at all, must recover on the theory adopted therein. *McGlone* v. *Hauger* (1913), 56 Ind. App. 243, 104 N. E. 116; *Barrett* v. *Cleveland, etc., R. Co.* (1911), 48 Ind. App. 668, 96 N. E. 490; *State, ex rel.* v. *Scott* (1908), 171 Ind. 349, 86 N. E. 409.  In doing this we adopted the theory apparent on the face of the complaint, being that for which appellant originally contended, and determined the merits of the appeal accordingly.  Appellant made no claim in his original brief that he sought any relief under the common law, or that his complaint was drawn thereunder and should be so considered.

Such contention is now made for the first time in a petition for a rehearing, and therefore cannot be considered in order to reverse the judgment of the trial court. *Chicago, etc., R. Co.* v. *Coon* (1911), 48 Ind. App. 675, 93 N. E. 561, 95 N. E. 596; *Evansville Furn. Co.* v. *Freeman* (1914), 57 Ind. App. 576, 105 N. E. 258, 107 N. E. 27; *Vermillion* v. *First Nat. Bank* (1914), 59 Ind. App. 35, 105 N. E. 530, 108 N. E. 370; *Trook* v. *Trook* (1916), 63 Ind. App. 272, 113 N. E. 730.

We have carefully considered the other questions presented in the petition for a rehearing, but find no reason for changing the conclusion stated in the original opinion.

Petition for rehearing overruled.

NOTE.—Reported in 115 N. E. 956, 117 N. E. 260.