· NOTE.—Reported in 119 N. E. 1005.

---

## H. K. TOY AND NOVELTY COMPANY *v.* RICHARDS.

[No. 9,872. Filed October 10, 1917. Rehearing denied December 20, 1917. Transfer denied December 11, 1918.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.—Amount of Award.*—Section 31, subd. a, of the Workmen's Compensation Act, Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918, specifying compensation for the loss by separation of "not more than two phalanges of a finger" applies where only one-eighth of an inch

of the first phalange is lost and the injured servant is entitled to the compensation provided therein. p. 655.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.—Construction.—Amount of Award.—Discretion of Industrial Board.*— The court on an appeal from the Industrial Board has no discretion as to the amount of compensation as specified in the Workmen's Compensation Act, Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918, and it is immaterial that an injury did not seriously impair the employe's working power or that the employe was able to return to work within a short time after the injury. p. 656.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by Murrel B. Richards against the H. K. Toy and Novelty Company. From an award for applicant, the defendant appeals. *Affirmed.*

*Henley & Joseph,* for appellant.

*Emsley W. Johnson* and *Joseph W. Hutchinson,* for appellee.

BATMAN, J.—Appellee filed her claim against appellant before the Industrial Board of Indiana, under the Workmen's Compensation Act of 1915, alleging that on August 30, 1916, she received personal injuries by reason of an accident arising out of and in the course of her employment by appellant. On a hearing before the full Industrial Board, appellee was awarded compensation at the rate of $5.50 per week, for a period of fifteen weeks. Appellant appealed and assigned errors on which it seeks a reversal. The evidence tends to establish the following facts, pertinent to the questions presented for our determination. On August 30, 1916, appellee was in the employ of appellant in the city of Indianapolis, Indiana, cutting paper for boards for use in its factory, for which she received an average weekly wage of $7.20. The

cutting was done by a machine, operated by appellee by means of a foot pedal, and into which she fed the paper by hand. While performing her work on said date, appellee's middle finger on her left hand was caught by the knife of the machine which she was operating, resulting in the loss by separation of a part of said finger, near the base of the nail, including one-eighth of an inch of the first phalange thereof.

The award by the Industrial Board was evidently under subdivision (a) of §31 of the Workmen's Compensation Act, Acts 1915 p. 392, §80201 *et seq.*

1. Burns' Supp. 1918. This section provides in part as follows: "For injuries in the following schedule the employee shall receive in lieu of all other compensation a weekly compensation equal to fifty-five per cent. of his average weekly wages for the periods stated against such injuries respectively, to-wit: (a) For the loss by separation of not more than one phalange of a thumb or not more than two phalanges of a finger . . . . . 15 weeks." Appellant contends that subdivision (a) of said section is only applicable, when substantially two phalanges of a finger are lost by separation, and that, inasmuch as only a small portion of the first phalange of appellee's finger was thus lost, the provision for compensation for fifteen weeks does not apply. We cannot concur in this contention. The language of the act forbids it. It should be noted that the subdivision in question does not read *not less than two phalanges or substantially two phalanges,* but reads "not more than two phalanges." A fair and reasonable construction of the language used makes it apparent that the loss by separation of the whole of the distal and middle phalanges of a finger, or any mate-

rial fraction thereof, entitles an employe to compensation for fifteen weeks. While the loss by separation of only one-eighth of an inch in length of the distal phalange of a finger may appear to be a small fraction thereof, it should be remembered that the loss by separation of any portion in length of such phalange necessarily removes the muscular cushion on the end thereof, and thereby seriously interferes with the use of such finger. This fact may have had its influence with the legislature in wording the clause under consideration in such manner as to give fifteen weeks' compensation "for the loss by separation of not more than  *  *  *  two phalanges of a finger."

The fact that the function of appellee's finger is not seriously impaired, if it be a fact, and that she was able to return to work within a short time after the injury can have no influence on our interpretation of the statute in question. Its provisions may appear too liberal in some instances, and not liberal enough in others, but with this the Industrial Board and this court has nothing to do. The legislature in its wisdom did not see fit to limit compensation for fifteen weeks to cases where substantially two phalanges were lost by separation, nor where the function of the finger was seriously impaired, nor where the actual loss of time was for any definite period; and neither the Industrial Board nor this court has a right to read such provisions into the act. Appellant has cited a number of cases in support of its contention, all of which we have examined with care. Some of them are decisions under compensation acts where the language is materially different from the act of this state, and none are in serious conflict with the conclusion we have reached.

Appellant also contends that the award of the Industrial Board is erroneous, being too large, and that its decision is contrary to law. It bases these contentions on a claim that the compensation under the facts proved should be based on the actual disability, and not on the loss by separation of not more than two phalanges of a finger, and that therefore the award is too large and is contrary to law. In view of the conclusion we have heretofore reached, that subdivision (a) of §31 of the Indiana Workmen's Compensation Act, *supra,* is applicable to the facts which the evidence tends to establish, such contentions are not well taken.

Finding no available error in the record, the award is affirmed.

NOTE.—Reported in 117 N. E. 260. Workmen's compensation: loss of finger, amount of award, L. R. A. 1917D 167.