McKernan, Admr., *v.* Estabrook, Admr.—75 Ind. App. 309.

---

McKERNAN, ADMINISTRATOR, *v.* ESTABROOK, ADMINISTRATOR.

[No. 10,799.   Filed April 6, 1921.]

1.   NEW TRIAL.—*Independent Action.— Nature of Remedy.— Statute.*—An action under §589 Burns 1914, §563 R. S. 1881, for new trial after term on the ground of false testimony of witnesses at a former trial is one at law, and not in equity. p. 312.

2.   JUDGMENT.—*Former Decision.—Conclusiveness.*—Where in a former case the same parties, matters and questions were involved, and the same relief sought as in the case at bar, the principle of *res. adjudicata* applies.  p. 312.

From Marion Probate Court (1,140) ; *Mahlon E. Bash,* Judge.

Action by James H. McKernan, administrator of the estate of Gamaliel Scott, deceased, against Gay R. Esta-

brook, administrator of the estate of Ada M. Scott, deceased. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Robert A. Adams,* for appellant.
*G. R. Estabrook,* for appellee.

NICHOLS, J.—This action is for a new trial after term on the alleged ground of fraud by way of false testimony. The only error assigned is the action of the court in sustaining the demurrer to appellant's complaint. It is averred in the complaint that on October 24, 1910, appellant filed his complaint against appellee wherein he sought to recover from the property of appellant's decedent some moneys in the possession of appellee. Appellee filed a general denial to such complaint and the cause was tried in the Marion Probate Court on March 19, 1912, and a judgment rendered in said cause against appellant on April 5, 1912. To sustain the issue appellee introduced at the trial of said cause the testimony of one Berner and one Mrs. Hays to the effect, that during the years 1894, 1895 and 1896 appellee's ward, as an employee of the Merrill Woolen Mills in the city of Indianapolis, Indiana, had earned from $8 to $10 per week. On April 5, the court found against appellant and rendered judgment for costs in favor of appellee and against appellant. The judgment of said Marion Probate Court was based entirely, or at least to a great extent, on the testimony of appellee's witnesses, Berner and Hays, and if said court had known at the time the judgment was rendered, that such testimony was untrue, it would have rendered judgment in favor of plaintiff therein, appellant herein. That such testimony was in fact false and untrue, that such ward was not employed as testified to. Appellant first learned of the falsity of such testimony on November 21, 1912, by the admission of said Berner that such

testimony was false and on December 23, 1915, said witness Hays admitted that she testified solely from the testimony given by the said Berner, and that she had no personal knowledge of the facts to which she had testified. That said Merrill Woolen Mills had many years prior to said trial gone out of business, and appellant had no method or means of ascertaining whether or not such testimony of said witnesses was false, except by their said admissions. On April 5, 1913, appellant herein filed in said probate court a complaint for a new trial in said cause. On February 18, 1914, appellee filed a demurrer to said complaint, and on March 30, 1914, said probate court sustained the demurrer. Appellant elected to stand on the ruling on the demurrer and refused to plead further. On December 22, 1914, said probate court rendered judgment on said demurrer. Thereupon appellant, who was plaintiff in such complaint for a new trial, prayed a term time appeal to the Appellate Court of Indiana which was granted and perfected, the same being Cause No. 9258 in said Appellate Court. On April 24, 1917, the Appellate Court affirmed the judgment of the probate court. In affirming such judgment the Appellate Court did so upon the ground that appellant in said complaint for a new trial based its right to relief on the provision of §589 Burns 1914, §563 R. S. 1881, and that such complaint did not show a compliance with said statute. On June 16, 1917, appellant filed its petition for rehearing which was denied for the reason that said complaint prayed for said relief upon the theory that appellant therein was entitled to said new trial under the provision of said statute. Appellant avers that in the written opinion rendered in connection with the overruling of said petition said Appellate Court expressly stated that the appellant had not raised the question as to whether or not appellant was entitled under the common law to a new trial by reason

of false testimony, but this was not an admission or even a suggestion that appellant had a remedy at common law.   On November 5, 1917, said appellant filed his motion to transfer said cause to the Supreme Court, which was denied.

Appellant alleges that the testimony of said witnesses as aforesaid constituted and resulted in a legal fraud upon the rights of appellant herein, and that appellant is entitled under the common law, to be relieved from such judgment.   If appellant were seeking relief from a judgment obtained by appellee's fraud, his remedy would be in equity, and not at law, but this action is as certainly under §589 Burns 1914, §563 R. S. 1881, as was the former action reported on appeal in- *McKernan* v. *Estabrook* (1917), 66 Ind. App. 212, 117 N. E. 260, to which we refer for a discussion of the substantial questions here involved.

The matter of wages there and here involved, is there referred to as an error in evidence, while here it is referred to as false and untrue.   There was the same "legal fraud" in the former case as in this. There is no averment in this case that the parties practiced any fraud on the court by inducing in any way the alleged false testimony, the alleged falsity of which appellant learned November 21, 1912.   It is sufficient to say that even a casual examination of the opinion of this court in the former case will disclose the same parties, the same matter, and the same question involved, and the same relief prayed, as in this case, and therefore the principle of *res adjudicata* applies.   The judgment is affirmed.