# THE STATE OF IOWA,

DES MOINES, JUNE TERM, A. D. 1882.

IN THE THIRTY-SIXTH YEAR OF THE STATE.

PRESENT:

HON. WILLIAM H. SEEVERS, CHIEF JUSTICE.
" JAMES G. DAY,
" JAMES H. ROTHROCK, } JUDGES.
" JOSEPH M. BECK,
" AUSTIN ADAMS,

## SMITH v. WAGAMAN.

1. **Promissory Note:** JOINT MAKERS: EVIDENCE OF EXECUTION. In an action upon a promissory note purporting to be executed by two as joint makers, the execution of which was denied by the defendant, evidence of what the other joint maker said at the time he delivered the note to plaintiff, about the signing of the note by defendant, was inadmissible, it being hearsay, and not a part of the *res gestæ*.

2. ———: EVIDENCE: CROSS-EXAMINATION. The plaintiff having testified in regard to what the defendant said when the note was shown him, it was proper upon cross-examination, in order to show that his memory could not be implicitly trusted, to ask him what his business was, and how many notes he had at the time.

3. **Verdict**: EVIDENCE TO SUPPORT. Whatever might be regarded as the preponderance of the evidence, as the verdict is not wholly without support, the case will not be reversed.

4. **New Trial**: DILIGENCE: AFFIDAVIT OF. In an application for a new trial upon the ground of newly discovered evidence, the affidavit of plaintiff, alleging that he had made every effort to find out certain facts before the trial, but not showing of whom he had made inquiry, was not sufficient to establish the exercise of due diligence.

*Appeal from Marshall District Court.*

TUESDAY, APRIL 4.

ACTION upon a promissory note purporting to be executed by the defendant and one Triplett. The defendant denies the execution of the note upon his part. There was a trial by jury, and verdict and judgment were rendered for the defendant. The plaintiff appeals.

*James Allison*, for appellant.

*L. R. Root*, for appellee.

ADAMS, J.—I. The note was given for money borrowed of the plaintiff by Triplett. At the time the note was deliv-

1. PROMISSORY note: joint makers: evidence of execution. ered to the plaintiff it bore the name of the defendant John Wagaman as joint maker with Triplett, but Wagaman's name did not purport to be written by himself. The note bears the name of John Wagaman, with a cross appended as for his mark. For the purpose of showing that the name was written with Wagaman's authority, and that the mark was made by him, the plaintiff was asked, when a witness upon the stand, what Triplett said about Wagaman's signing the note at the time he, Triplett, delivered the note to plaintiff. To this the defendant objected, and the court sustained the objection.

It is contended by the plaintiff that it was competent to show what Triplett said in regard to Wagaman's signing the note, because what Triplett said at that time was a part of

the *res gestœ.* But in our opinion the doctrine of *res gestœ* does not go that far. If any question had been raised as to the purpose or effect of Triplett's act in handing the note to the plaintiff, then what Triplett said about it might have been shown as giving character to the act. But the note beyond question was delivered as a promissory note. Whether Wagaman signed it or not was a distinct and independent question, and to allow the plaintiff to testify as to what Triplett said about it would have been clearly an admission of hearsay evidence, and the testimony was, we think, properly excluded. *Binns v. State,* 57 Ind., 46; *Felt v. Amidon,* 43 Wis., 467.

II. Upon the cross-examination of the plaintiff, he was asked what his business was, and about how many notes he
2. ———: evidence: cross-examination. had, which he had taken for money which he had loaned. To this question the plaintiff objected, and the objection was overruled. He then stated that he loaned money, and that he probably had from fifty to one hundred notes. He contended that it was not proper to elicit from him such testimony, because it was not in proper cross-examination, immaterial, and well calculated to prejudice him, the business of loaning money being regarded by many as not a reputable business.

The plaintiff had testified in regard to what Wagaman said about the note when the same was shown to him. The object of asking the question objected to, appears to have been from what followed, to show that the plaintiff had so many notes that his memory could not be implicitly trusted as to what Wagaman said about the note. In this view it appears to us that the question was in proper cross-examination. But aside from this view, we should not be prepared to say that the plaintiff was prejudiced. The business of loaning money, whether in large or small sums, is not in itself, so far as we are aware, regarded as disreputable.

III. It is contended that the verdict is without support in the evidence. But Wagaman testified positively that he never

3. VERDICT: signed the note, and never signed any note by
evidence to
support. making a cross at the end of his name. It ap-
peared further that Wagaman's name, and the cross following,
were written with red ink, and Wagaman testified positively
that he never signed a note with red ink. Whatever we
might regard as the preponderance of the evidence, we cannot
say that the verdict is wholly without support.

IV. A motion was made for a new trial, upon the ground
of newly discovered evidence. The motion was overruled,
4. NEW trial: and the plaintiff assigns the overruling as error.
diligence:
affidavit of. The plaintiff filed an affidavit of one Sergent,
which was to the effect that he was present at, and heard, a
conversation between the plaintiff and defendant, in which
the plaintiff asked the defendant if he signed the note which
he showed him, which was a note for the amount of the one
in suit, and had Wagaman's name signed to it in red ink, and
that Wagaman admitted that he signed it.

He also filed an affidavit of one Barnes, and an affidavit of
one Baker, which were to the effect that they were present
at, and heard, a conversation between plaintiff and defendant,
in which the fact of Triplett's failure to pay the note in suit
was spoken of, and Wagaman acknowledged his liability, and
asked for time.

The plaintiff filed an affidavit made by himself, in which
he stated that he recollected that certain persons were present
at the conversations, but was unable to ascertain their names
until after the trial, though he made every exertion to do so.

The plaintiff himself had testified to what was said at these
conversations, and the defendant contends that the alleged
newly discovered evidence is merely cumulative. We have
not deemed it necessary to consider this question, because it
appears clearly to us that the plaintiff's affidavit does not
show that he had exercised due diligence. It shows that the
plaintiff made inquiry to ascertain the names of the persons
whom he remembered were present, but it does not show of
whom he made inquiry. One Stewart testified that he was

present and heard one of the conversations, but plaintiff's affidavit does not show that he made any inquiry of Stewart. The defendant was present at both conversations, if they took place, and the plaintiff's affidavit does not show that he made any inquiry of him.

In our opinion the court did not err in overruling the motion for new trial, made on the ground of newly discovered evidence, and the judgment must be

AFFIRMED.