McDonald *et al. v.* Coryell *et al.*

No. 16,303.

McDONALD ET AL. *v.* CORYELL ET AL.

| 134 | 493 |
| 144 | 391 |
| 145 | 6 |

| '134 | 493 |
| 158 | 373 |

NEW TRIAL.—*Newly Discovered Evidence.—Diligence Must be Shown.*— That newly discovered evidence may be sufficient reason for granting a new trial it must not be merely cumulative, and sufficient diligence to discover such evidence in time to have used it on the trial must be shown in the application.

From the Jackson Circuit Court.

*W. K. Marshall*, for appellants.
*O. H. Montgomery*, for appellees.

COFFEY, C. J.—This was an action in the Jackson Circuit Court by the appellants against the appellees, for the partition of the lands described in the complaint.

The appellants are the children of Hiram Marling, Sr., who died seized of the land, and the appellees are his grandchildren.

The only controverted question in the case relates to an alleged advancement made by the said Hiram Marling, Sr., to the father of the appellees. Upon the issue involving this question the court found for the appellees. The assignment of error calls in question the propriety of the ruling of the circuit court in denying the appellants a new trial.

The evidence on the issue involved was conflicting, and, under such circumstances, we can not disturb the finding of the circuit court.

In addition to the claim that the finding of the circuit court is not supported by the evidence, it is contended by the appellants that the court erred in refusing them a new trial on account of newly discovered evidence.

The newly discovered evidence consists of admissions made by the father of the appellees many years prior to

the date of the trial, and is, we think, merely cumulative. Furthermore, we are of the opinion that the affidavits of the appellants do not show sufficient diligence on their part to discover the evidence in time to use it on the trial. Applications for a new trial on account of newly discovered evidence are regarded by the law with distrust and disfavor. In such cases the diligence used must be fully set forth in the application. If it consists in making inquiries, the time, place, and circumstances must be stated, to the end that the court may know that such inquiries were made in the proper quarter, and in due season. In this respect the application before us is defective. *Morrison* v. *Carey*, 129 Ind. 277; *Graham* v. *Payne*, 122 Ind. 403; *Schnurr* v. *Stults*, 119 Ind. 429; *Hines* v. *Driver*, 100 Ind. 315.

The court did not err in overruling the motion of the appellants for a new trial.

Judgment affirmed.

