Filed March 27, 1896.

---

No. 16,118.

OSGOOD v. SMOCK ET AL.

144 387
142 647
145 6

144 387
153 21

144 387
158 373

NEW TRIAL.— *New Matter.*— *Complaint.*— *Diligence.*— *Payment.*— Reasonable diligence to discover the new matter relating to the payment of a judgment, upon which an action to review a judgment in a former trial, enforcing the judgment mentioned, is based, is not sufficiently averred by allegations of the complaint that the plaintiffs examined the records of judgments, and inquired into

the facts from every source where information was likely to be obtained, in the absence of any allegations as to inquiries of the persons alleged to have made the payments, under section 629, R. S. 1894, providing that the complaint must show that the new matter could not have been discovered, before judgment, by reasonable diligence.

From the Marion Superior Court.

*A. C. Harris, L. A. Cox* and *J. S. Tarkington,* for appellant.

*Ritter & Ritter,* for appellees.

MONKS, J.—This action was brought by the appellees, Isaac and Jacob Smock, against the appellant, to review a judgment for material new matter discovered since the rendition thereof.

The facts were stated in the complaint as follows: "That on the 26th day of November, 1877, in cause No. 20658, the Third National Bank, of New York, recovered a judgment in the superior court of Marion county, Indiana, against William C. Smock, as principal, and Isaac Smock, Jacob Smock and George Bruce, as sureties, for $10,923.10; that an execution was issued on said judgment and levied upon certain real estate of said George Bruce; that after said levy was made said judgment was assigned to the appellant, as appears of record and by his order, the said real estate was not advertised or sold; that said judgment was purchased by said appellant as trustee for himself and five others; that said persons furnished the money to buy said judgment, as well as divers other judgments prior and subsequent in date thereto; that the title to all of said judgments, and the certificates of sale of real estate sold thereon, were vested in the appellant as trustee for said syndicate; that, by an agreement between said syndicate and George, James

A. and John W. Bruce, the Bruces conveyed to appellant, as trustee, by deed, certain real estate in full satisfaction of said judgment; that said judgment was fully paid and discharged on the 2d day of August, 1884; that on said day said syndicate, in consideration of the payment in full of all of said judgments, sold and conveyed all the real estate held by it to the appellant; that said conveyance included the real estate upon which the execution aforesaid was levied, as well as other real estate in Marion county; that said judgment showed an assignment to the appellant individually, and did not show satisfaction or any payment except the sum of $1,900.00; that on the 7th day of January, 1888, the appellant filed in the said superior court his complaint to revive said judgment in cause No. 20658, against all of said judgment defendants, except Bruce, alleging that he was the owner and assignee of said judgment, that the same was unpaid, except as to the credit entered thereon, that the Smocks appeared and filed a general denial, and on January 14 said cause No. 37628 was tried and judgment in renewal rendered for $7,698.09; that said original judgment was never owned by the appellant individually, and was never assigned to him by said syndicate, who were the real owners thereof, and was fully paid and satisfied by the conveyance of said real estate; that the appellees, Isaac and Jacob Smock, examined the records of judgments and proceedings of the courts in Marion county, and also inquired into the facts from every source where information could be or was likely to be obtained, in regard to said original judgment, the payment thereof, credits thereon or any payment of any kind by or on account of said George Bruce, upon said judgment in any way, or his liability to pay, or property held by him out of which payment could be enforced; that they were told

by said appellant that all of said Bruce's property, real and personal, had been sold and exhausted on executions issued on judgments, prior in date and lien to said original judgments referred to, and that nothing had been or could be realized on said judgment from said George Bruce or William C. Smock; that they had no knowledge of the facts that the said judgment was purchased by said Osgood for said syndicate, and had no knowledge of the payment of the same, nor that said Osgood purchased the same as trustee until within two weeks prior to the institution of this action; that said appellant fraudulently concealed from them all the facts as to the real ownership of said judgments, the transactions of said syndicate, the said sales of real estate by it, the payment, the settlement of the business of said syndicate, and all the facts connected with all the transactions affecting the original judgment; and intentionally and purposely and fraudulently averred in his said complaint to revive said judgment that he was individually the owner of said judgment and that the same was wholly unpaid, on account of which, and the other facts herein set forth, they were deceived and misled as to the actual facts in the premises; that they did not know and could not by any diligence have ascertained or learned the facts as aforesaid, because they were purposely, intentionally and secretly concealed from them. Wherefore they ask that the said judgment be reviewed and set aside."

A transcript of the judgment sought to be reviewed was filed with the complaint.

The appellant, Osgood, filed a demurrer to the complaint, which was overruled and exception taken.

Appellant filed an answer, trial by the court, finding and judgment for appellees.

Osgood *v.* Smock *et al.*

Appellant filed a motion for a new trial, which was overruled and exception reserved.

The appellant earnestly contends that the complaint is insufficient in this, that it fails to show reasonable diligence to discover the alleged new matter.

Section 617, R. S. 1881 (section 629, R. S. 1894), requires that when the complaint for review is filed for new matter discovered since the rendition of the judgment, it must show that the new matter could not have been discovered before judgment by reasonable diligence, and that the complaint was filed without delay after the discovery. The rule as to diligence is the same in motions for a new trial on account of newly discovered evidence. R. S. 1881, section 559 (R. S. 1894, section 568).

It is a well settled rule that the complaint for review must state the facts constituting the diligence used. General averments of diligence are not sufficient. *Graham* v. *Payne*, 122 Ind. 403; *McCauley* v. *Murdock*, 97 Ind. 229 (235); *Johnson* v. *Herr*, 88 Ind. 280; *Barnes* v. *Dewey*, 58 Ind. 418; *DeBolt* v. *DeBolt*, 86 Ind. 521 (524); *Gregg* v. *Louden*, 51 Ind. 585; *Morrison* v. *Carey*, 129 Ind. 277; *McDonald* v. *Coryell*, 134 Ind. 493; *Hines* v. *Driver*, 100 Ind. 315 (322); *Schnurr* v. *Stults*, 119 Ind. 429.

It is also required that if the diligence consists in making inquiries, the time, and place, and circumstances must be stated, that the court may know that the inquiries were made in the proper quarter. It is not sufficient to state generally that they had been diligent in making inquiries of those whom they supposed likely to know anything of the case: all the facts constituting the diligence must be shown. *DeBolt* v. *DeBolt*, *supra;* *Morrison* v. *Carey*, *supra;* *McDonald* v. *Coryell*, *supra.*

The complaint must also allege how or from whom the new matter was discovered, in order that the court may determine whether by reasonable diligence the same information could have been obtained through the same means before the rendition of the judgment. *DeBolt* v. *DeBolt, supra.*

The complaint in this case does not comply with any of these essential requirements. There is no attempt to comply with the rule requiring the complaint to state how and from whom the information of the alleged new matter was obtained.

The only allegation of diligence as to payment is, that they examined the records of judgments and proceedings of the court of Marion county, and also inquired into the facts from every source where information was likely to be or could be obtained in regard to said original judgment, the payment thereof, etc. There is no averment that the appellee ever made any inquiry of their co-defendants in said original judgment, William C. Smock and George Bruce. Reasonable diligence would certainly demand that inquiry be made of them. The averment in the complaint is that the judgment was satisfied by George Bruce, James A. Bruce and John W. Bruce conveying certain real estate to said syndicate. If the judgment was so paid, an inquiry of George Bruce would have disclosed that fact. The complaint avers that the records showed that an execution issued on said judgment had been levied upon certain real estate as the property of George Bruce, and that the same had never been offered for sale thereon, and that said real estate was a part of the real estate conveyed by the Bruces to the syndicate. Not to have made inquiry of William C. Smock and George Bruce, under the circumstances alleged in the complaint was negligence.

The allegation that the appellant fraudulently concealed the facts adds no strength to the complaint. The facts, if any, constituting such fraudulent concealment must be stated.

It is clear that the court erred in overruling the demurrer to the complaint.

The evidence as given at the trial fails even to support the allegations of diligence contained in the complaint. The appellees each testified that they never made any inquiries or investigation in regard to the judgment, its payment or ownership; that they depended on William C. Smock. The evidence does not show any diligence either on his or their part. He was deputy clerk of Marion county from 1878 to 1886, and an examination of the records of that office would have disclosed many, if not all, the facts of which it is alleged the appellees were ignorant. The motion for a new trial should have been sustained.

Judgment reversed, with instructions to sustain the demurrer to the complaint.

Filed March 13, 1895; petition for rehearing overruled March 27, 1896.