Warne *v.* Irwin.

---

WARNE ET AL. *v.* IRWIN.

[No. 18,676. Filed May 23, 1899.]

JUDGMENTS.—*Review.*—*Complaint.*—A complaint to review a judgment on account of new matter discovered since the rendition of the judgment, in order to withstand a demurrer, must set forth the facts showing that the alleged new matter could not have been discovered, by the exercise of reasonable diligence, before the rendition of the judgment; a general averment that plaintiff could not have discovered the new matter alleged, by the exercise of reasonable diligence, before the rendition of the judgment sought to be reviewed, is not sufficient. *pp. 21, 22.*

JUDGMENTS.—*Review.—Complaint.—Joint Action.*—A complaint in a joint action to review a judgment which states a good cause of action in favor of but one of the parties is bad as against a demurrer. *p. 22.*

From the Jasper Circuit Court. *Affirmed.*

*Ibach & Ibach* and *Hanley & Hunt,* for appellants.

*Foltz, Spitler & Kurrie* and *M. F. Chilcote,* for appellee.

MONKS, J.—Appellants brought this action against appellee, under §629 Burns 1894, §617 Horner 1897, to review a judgment recovered by appellee against them. Appellee's demurrer for want of facts was sustained to the complaint, and appellants refusing to plead further, judgment was rendered against them. Appellants jointly assign as error the sustaining of appellee's demurrer to their complaint.

Section 629 (617), *supra,* requires that when a complaint for review is filed for new matter discovered since the rendition of the judgment, it must show that the newly discovered matter could not have been discovered before judgment, with reasonable diligence. It is settled law in this State that to withstand a demurrer the complaint must set forth the facts showing that the alleged new matter could not have been discovered, by the exercise of reasonable diligence, before the rendition of the judgment; and a general averment that appellants could not, by the exercise of reasonable diligence, have discovered the new matter alleged before the rendition of the judgment sought to be reviewed, is not sufficient. *Osgood* v. *Smock,* 144 Ind. 387, 391, and cases cited; *McCauley* v. *Murdock,* 97 Ind. 229, 235, and cases cited.

The only attempt to comply with this requirement of the statute is an allegation that "she could not, by any reasonable diligence, have discovered these facts before the recovery of the judgment." Under the authorities cited, such an allegation is not sufficient. Moreover, the complaint is to review the judgment as to both appellants, and is therefore

joint; and it is not claimed by counsel for appellants that it states a good cause of action in favor of both appellants, but only in favor of the appellant Elizabeth Warne. The complaint not stating a good cause of action in favor of both appellants, the demurrer was properly sustained for that reason. *Brunson* v. *Henry,* 140 Ind. 455, 459, and cases cited. It follows, therefore, that the court did not err in sustaining the demurrer to the complaint. Judgment affirmed.