# BERTRAM ET AL. *v.* STATE, EX REL. LOWELL DREDGE COMPANY ET AL.

### [No. 4,662.    Filed January 12, 1904.]

NEW TRIAL.—*Newly Discovered Evidence.*—*Diligence.*—An application for a new trial on the ground of newly discovered evidence is viewed with distrust, and it is not enough to allege diligence to procure the evidence at the original trial, but the facts constituting the alleged diligence must be set forth with such particularity that the court may see on the face of the pleading that there was in fact proper diligence.  *p. 201.*

SAME.—*Newly Discovered Evidence.*—*Pleading.*—A complaint for a new trial of an action on a bond on the ground of newly discovered evidence showing that the newly discovered evidence was not known to the principal obligor at the time of the trial is insufficient, where it is not shown that the alleged newly discovered evidence was not known to the sureties.  *pp. 201, 202.*

From Fulton Circuit Court; *A. C. Capron*, Judge.

Independent action by Sylvester Bertram and others against the State, on the relation of the Lowell Dredge Company and others, for a new trial.  From a judgment on demurrer to the complaint, plaintiff appeals. *Affirmed.*

*Isaac Conner, J. M. Fuller* and *H. R. Robbins*, for appellants.

*G. W. Holman, R. C. Stephenson, J. W. Nichols* and *W. C. Pentecost*, for appellees.

BLACK, J.—In an action in the court below brought by the State, on the relation of the Lowell Dredge Company, one of the appellees, on the bond of Sylvester Bertram, one of the appellants, as commissioner for the construction of a certain ditch, to recover for the construction of the ditch pursuant to a contract therefor between the commissioner and the relator—the other appellants being the sureties upon the bond—the issues tried being upon an answer of payment filed by all the appellants, and a counterclaim of the principal obligor alleging overpayment, the plaintiff obtained a finding and judgment

against the appellants for the full amount of the bond. The case at bar was an independent action brought by the appellants to obtain a new trial for newly discovered evidence which it was claimed supported the answer of payment. The other appellees were made defendants to this proceeding, apparently because one of them was the president and the other the secretary and treasurer of the dredge company. The court sustained a demurrer for want of sufficient facts to the complaint for a new trial, and this ruling is questioned here.

In this complaint it was not stated when the action on the bond was commenced, but it was shown that an amended complaint was filed therein April 22, 1901, and it appeared that the trial was had October 9, 1901. The purpose of the evidence, which it was claimed had been discovered, was to prove certain payments made by the appellant Bertram. It was shown that he was himself a witness on the trial of the original action, and it did not appear that he did not himself know of the facts to which the newly-discovered evidence related; but it was alleged that he did not know at the time of the trial, or until after the term at which it was held, that the persons whose affidavits were exhibited with the complaint knew of or remembered the facts, or that he could prove the same, except that, as to one of the persons whose affidavits were so produced, it was alleged that the person so furnishing an affidavit had learned the facts relating to a certain alleged payment since the term of the trial. It was alleged that the principal obligor had used due diligence to procure the testimony which it was claimed he could produce on another trial, and, by way of showing such diligence, it was averred that he was an invalid, and part of the time confined to his bed, and dangerously ill most of the time from the commencement to the trial of the suit, but he made inquiry of every one he could find who had any knowledge of the cause; that he had filed vouchers which

Bertram *v.* State, *ex rel.*

showed an overpayment of the relator's claim, and he went to the office of the clerk of the Starke Circuit Court, with whom they had been left and filed, but they had been taken from his custody by some unknown person; that he hired two persons named and other parties to make search for the missing vouchers, and spent several days hunting for them, but all to no purpose; that whenever he was able to ride he drove to different parts of the county of Starke and made diligent inquiry from every one whom he met that knew anything about his transactions with the relator; that he employed attorneys to help prepare his defense, but was too infirm and ill properly to acquaint them with all the circumstances surrounding the case; that he believed the vouchers and receipts filed by him in court have been clandestinely taken against his interests; that despite all the diligence and effort he could make, he could not discover either of the causes set forth in the complaint for a new trial.

It is well settled that such an application for a new trial on the ground of newly discovered evidence is not to be regarded favorably, but, on the contrary, is to be viewed by the court with distrust. It is not enough to allege diligence to procure the evidence at the original trial, or to seek to show proper diligence by loose and general allegations of facts. The facts constituting the pretended diligence must be set forth with such particularity, definiteness, and clearness that the court may itself see on the face of the pleading that there was in fact proper diligence.

If it can be said that the complaint under consideration showed that the alleged newly discovered evidence was not known to the principal obligor at the time of the trial, it was not in any manner sought to show that it, or any part of it, was not known to the other appellants, the sureties. This alone renders the complaint insufficient. *Berry* v. *Daily,* 30 Ind. 183.

There is no attempt to show any diligence on the part of the sureties, and the averments by which it is sought to show that the principal obligor was sufficiently diligent fall short of the requirements of good pleading in such a case.

If the principal obligor was too ill to consult with his attorney concerning the defense, it does not appear that he was forced into a trial over a proper showing to the court of such disability. The averments, while showing that he was able to go about and make inquiries, are not such as to furnish the court satisfactory assurance that proper inquiries were made of the right persons. The alleged newly discovered evidence related wholly to payments said to have been made by the principal obligor, a ditch commissioner. He knew before the trial, as appeared in evidence then given, as well as in this complaint, that the vouchers referred to were not on file in the clerk's office and could not be procured, and he must have known of the payments at the time he personally made them.

Considering the character of the facts to which the alleged newly discovered evidence related, it would seem to be placing a premium upon negligence to grant a new trial upon such a showing. See *Hines* v. *Driver,* 100 Ind. 315; *Chicago, etc., R. Co.* v. *McKeehan,* 5 Ind. App. 124; *East* v. *McKee,* 14 Ind. App. 45.

Judgment affirmed.