# Louisville & Nashville R. R. Co. v. Burke.

### Action for Personal Injury.

(Decided June 8, 1916.  Rehearing denied December 30, 1916.
73 South. 416.)

**New Trial; Newly Discovered Evidence; Diligence.**—Where the collision resulting in the injury occurred in 1912, and the second trial occurred in 1915, and thereafter defendant sought a new trial on the grounds of newly discovered evidence consisting of the testimony of a witness living in the town where the accident occurred, an affidavit of defendant's law agent stating in rather a general way that he had exercised due diligence in ascertaining the witnesses, and setting up his ignorance of the facts that the newly discovered witness knew anything of the accident, was not sufficient to show due diligence required in such case.

APPEAL from Birmingham City Court.

Heard before Hon. A. H. ALSTON.

Action by J. A. Burke against the Louisville & Nashville Railroad Company, for damages for injuries suffered in a collision.  Judgment for plaintiff and defendant's motion for a new trial being overruled, he appeals.  Affirmed.

TILLMAN, BRADLEY & MORROW, and T. A. MCFARLAND, for appellant. ERLE PETTUS, for appellee.

GARDNER, J.—This is the second appeal in this cause. See *L. & N. R. R. Co. v. Burke*, 11 Ala. App. 496, 66 South. 885. The concise statement of the salient features of the case by Judge WALKER, in an opinion written before his retirement from the Court of Appeals and subsequently adopted by that court, is fully supported by the record now before us, and a reference to the above-cited opinion will save a restatement of the case here.

Much of the argument of appellant's counsel is devoted to an attack upon the soundness of the decision of the Court of Appeals in this case. That court concluded that the proof of the joint use of "lead track No. 4" by the defendant, Louisville & Nashville Railroad Company, and the Birmingham Southern Railway Company, for a number of years, for their mutual convenience and advantage, was sufficient for submission to the jury's determination whether the plaintiff was a trespasser at the time he was operating his engine on said track, and whether such joint use imposed a duty of watchfulness and care upon each of the companies toward the other in the conservation of trains and employees. It was also held that there was proof sufficient for the jury's determination of the issues presented by each count of the complaint, including that charging wantonness.

We have given careful consideration to the record on this appeal, as well as to the opinion of the Court of Appeals, and are persuaded that the conclusion reached by that court on the former appeal is supported by the evidence in this record; and we therefore approve that opinion.

A number of the assignments of error evidently were intended to present for review by this court of the opinion of the Court of Appeals, and, as we here approve that opinion, it is unnecessary to discuss these assignments.

Refused charge 22 sought to have the jury instructed that plaintiff was guilty of contributory negligence as a matter of law, but we are of the opinion that this was a question of fact for their determination, and not a question of law for the court.

A careful review of the oral charge of the court discloses that it was in substantial conformity with the opinion of the Court

of Appeals rendered on the former appeal of this case. We have considered in consultation the exceptions to portions of the oral charge, and do not find in them sufficient predicate for a reversal of the cause.

Due consideration has been given the insistence that a new trial should have been granted because of newly discovered evidence. The accident occurred in February, 1912, and the second trial was had in June, 1915. This insistence is rested upon the discovery since the second trial of a witness who states that he . saw the accident, and whose evidence corroborates in some respects that offered by the defendant, and in yet another respect contradicts the testimony of the plaintiff. The witness' affidavit discloses that he resides in Bessemer, where the' accident occurred.

Upon the question of due diligence there was presented but one affidavit, that of the law agent of the defendant, who claims in a rather general way to have exercised diligence in ascertaining the witnesses, and sets up his ignorance of the fact that the newly discovered witness knew anything of the unfortunate occurrence.

As above shown, the accident occurred more than three years before the discovery of this witness and after the cause had been tried the second time. The affidavit of the law agent above referred to does not suffice to convince us that there was any error in the action of the court in overruling the motion on this ground. Clearly due diligence has not been made sufficiently to appear, aside from any consideration as to the character of the newly discovered evidence.—*Girardino v. Birmingham Sou. Ry. Co.,* 179 Ala. 420, 60 South. 871; *Fitts v. Bryan,* 166 Ala. 133, 52 South. 333.

We find no reversible error in the record, and the judgment is accordingly affirmed.

Affirmed.

ANDERSON, C. J., and MCCLELLAN and SAYRE, JJ., concur.