(80 South. 858)

VAN TINDER v. BIRMINGHAM RY., LIGHT & POWER CO. (6 Div. 730.)

(Supreme Court of Alabama. Jan. 16, 1919.)

1. APPEAL AND ERROR 1068(4)—REVIEW —HARMLESS ERROR—INSTRUCTION.

In personal injury action, instruction that plaintiff could not recover for curvature of the spine where there was evidence that she suffered therefrom prior to accident, if misleading, was harmless, where verdict for defendant must have been based on theory that there was no negligence.

2. APPEAL AND ERROR 1064(4)—REVIEW —HARMLESS ERROR.

The giving of an argumentative instruction does not constitute reversible error, where it asserted a truism.

3. CARRIERS 348(7)—INJURY TO PASSENGER—ACTION FOR DAMAGES—INSTRUCTION.

In passenger's action against street railway for injuries, instruction that passenger cannot recover if she alighted from properly operated car while it was in motion and coming to a stop *held* not an attempt to invoke contributory negligence, but merely to present and hypothesize defendant's theory of how accident occurred, as shown by its evidence.

4. CARRIERS 303(5)—INJURY TO PASSENGER—NEGLIGENCE OF EMPLOYÉS.

Where street car, after having stopped, suddenly started while passenger was alighting, car employés were negligent.

5. NEW TRIAL 108(1)—NEWLY DISCOVERED EVIDENCE—ESSENTIALS OF.

Newly discovered evidence to constitute ground for granting a new trial must be of such character that it would probably have changed the result of the trial if it had been used.

6. NEW TRIAL 143(1)—AFFIDAVIT OF JUROR—PUBLIC POLICY.

On plaintiff's motion for new trial on ground of newly discovered evidence as to injury of

plaintiff's back, court will not consider affidavit of juror that he thought defendant guilty of negligence, but agreed to verdict in its favor because not satisfied that plaintiff's back had been injured.

**7. NEW TRIAL ☞108(5)—NEWLY DISCOVERED EVIDENCE—EFFECT OF.**

In personal injury action in which verdict was for defendant, new trial was properly refused plaintiff on ground of newly discovered evidence as to injury to her back, where there was proof of other injuries which would have warranted award of damages upon finding of negligence.

**8. NEW TRIAL ☞104(3)—NEWLY DISCOVERED EVIDENCE—CUMULATIVE EVIDENCE.**

New trial was properly refused on ground of newly discovered evidence tending to show that plaintiff's injury was result of accident, where there was evidence thereof introduced at trial; such newly discovered evidence being cumulative.

**9. NEW TRIAL ☞102(1)—NEWLY DISCOVERED EVIDENCE—DILIGENCE.**

In a personal injury action, new trial on the ground of newly discovered evidence resulting from an X-ray examination of plaintiff's back showing that injury was due to an accident was properly overruled; the failure to make X-ray examination of back prior to trial constituting lack of diligence.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action by Ruth Van Tinder against the Birmingham Railway, Light & Power Company for damages sustained while a passenger on one of its cars. Judgment for defendant, and plaintiff appeals. Affirmed.

The following charges were given for the defendant:

(1) If you are reasonably satisfied from the evidence that the plaintiff had curvature of the spine prior to the alleged accident, then you cannot award her any damages for such spinal condition existing prior to the accident.

(2) The fact, if it be a fact, that plaintiff was injured while alighting from said car, does not in and of itself make out plaintiff's case or entitle her to recover a verdict against this defendant.

(3) If you are reasonably satisfied from the evidence that plaintiff negligently alighted from said car while in motion coming to a stop for her to alight, and that as a proximate consequence of her alighting from said car she received her said alleged injuries, you cannot find a verdict for plaintiff.

(4) If you are reasonably satisfied from the evidence that at the time and immediately prior to the accident the said car was being carefully and properly operated, and that it was in motion coming to a stop for plaintiff to alight from, and that while so in motion the plaintiff alighted, thereby approximately receiving her alleged injuries, then you cannot find verdict for plaintiff.

W. A. Denson, of Birmingham, for appellant.

Tillman, Bradley & Morrow and Charles E. Rice, all of Birmingham, for appellee.

ANDERSON, C. J. [1] The trial court committed no reversible error in giving for the defendant charge marked 1, page 9 of the record. It merely excluded a recovery of damages for the condition of the plaintiff's spine not caused by the defendant. If it was misleading, it could have been explained by a countercharge. Moreover, if a bad charge, the giving of same was error without injury, as will be demonstrated in discussing the motion for a new trial.

[2] Charge 2, given for defendant, could have probably been refused as argumentative, but it asserted a truism, and the giving of same was not reversible error.

Charge 3, given for defendant, whether good or bad, was justified under the evidence and defendant's special plea 2, which was unchallenged by the plaintiff, and said charge practically tracks the plea.

[3, 4] Charge 4, given for defendant, did not attempt to invoke contributory negligence, but merely presented and hypothesized the defendant's theory as shown by its evidence. Tannehill v. Birmingham Ry. Co., 177 Ala. 297, 58 South. 198. The plaintiff charged in her complaint that she was injured at a regular place for passengers to get off, and her proof shows that while in the act of getting off the car at a regular stopping place, after the car came to a stop, it was started forward, thereby jerking or throwing her to the ground. The defendant's evidence contradicted this, and showed that the plaintiff alighted from the car while in motion and before it reached her stopping place, and that at the time the said car was being carefully and properly operated. The case of Sweet v. Birmingham Ry. & Elec. Co., 136 Ala. 166, 33 South. 886, has no bearing upon this case. The court simply held in that case that, notwithstanding the car did not actually stop, if it was going so slow as to indicate an invitation to alight, it would be negligence to increase the speed without ascertaining that no one was acting upon the invitation. Here this question is not involved, as the plaintiff claims that the car had stopped and then suddenly started before she alighted, and, of course, if this was true, there was negligence on the part of the defendant's servants; but the defendant's evidence disputed this, and claims that the car was coming to a stop and the plaintiff stepped off before it had stopped, and the charge merely hypothesizes the defendant's theory and a proper operation of the car at the time of and immediately preceding the injury.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[5, 6] The plaintiff made a motion for a new trial upon several grounds, but the one now urged is because of newly discovered evidence resulting from an X-ray examination of her back and showing the nature and character of her injury and the probable cause of same. This evidence does not go to the merits of the case, that is, to the establishment of recoverable negligence, but relates exclusively to an element of damages resulting from the injury to the plaintiff's back. One of the essentials, among other requirements for granting a new trial because of newly discovered evidence, is that the evidence, if used, would probably have changed the result. Fries v. Acme Lead Co., 79 South. 45,[1] and cases cited. The jury found for the defendant, and an examination of this record convincingly discloses that said finding must have been based upon the defendant's theory of how the accident occurred, and that the defendant was not guilty of actionable negligence, and not because of the plaintiff's unsatisfactory proof as to the injury to her back, as the proof shows that she sustained other injuries for which substantial damages could have been awarded had the jury believed that the defendant was guilty of negligence. The plaintiff's sister said: "She felt badly and felt shaken up and her arm hurt." The plaintiff said: "It cut my hand right here and on my elbow, and I was bruised about the body a good deal." This evidence was not seriously controverted, and it would be an almost violent presumption to hold that the jury found for the defendant upon the sole and exclusive idea that they were not satisfied that the plaintiff's spine had been injured. The complaint charges and claims for injuries other than to the spine, to wit, "right hand, right elbow," etc., and there was proof in support of same, and it is unreasonable to assume that the jury thought the defendant guilty of actionable negligence, but declined to give plaintiff a verdict because not satisfied that her spine was injured. Had there been a judgment for the plaintiff and a new trial asked for by her because of inadequate damages, it could be contended that this newly discovered evidence would have produced a different result; or had the complaint charged only an injury to the spine, or had there been no proof of any other injury to the plaintiff, it might be said that the jury's verdict was based upon the failure of proof as to the plaintiff's back being injured; but with the complaint setting forth other injuries to plaintiff's body, and her proof establishing same, it would be an unwarranted reflection either upon the intelligence or integrity of the jury to hold that they thought the defendant's servants guilty of negligence, but would not return a verdict for the plaintiff because not satisfied as to the nature and character of only one of the claimed injuries. True, the plaintiff presented with her motion the affidavit of one of the jurors to the effect that he thought the defendant guilty of the negligence charged, but agreed to a verdict in its favor because not satisfied that the plaintiff's back was injured. The acceptance and consideration of this affidavit by the trial judge is forbidden by public policy. City of Eufaula v. Speight, 121 Ala. 613, 25 South. 1009; Clay v. City of Montgomery, 102 Ala. 297, 14 South. 646.

[7, 8] While the action of the trial court in refusing the new trial can well be rested upon the ground discussed above, this newly discovered evidence, that is, the material and vital part of same, was cumulative; the main issue there involved being as to whether or not the nature and condition of the spine existed before the alleged accident or resulted from a recent shock or blow. The plaintiff's expert witness Booth said:

"Miss Van Tinder's spinal curvature could not, according to my experience, be caused by anything else except some sudden fall or knock or something like that, external force of some sort."

This newly discovered evidence, while perhaps more satisfactory and explained more convincingly the condition of the spine, when sifted to its final analysis, went to the establishment of the one material thing, that is, that the condition of the spine was due to an external blow, fall, or shock, and merely corroborated the evidence of Mrs. Booth, who testified upon the trial.

[9] Moreover, we are not persuaded that due diligence was shown in obtaining this X-ray examination. Plaintiff relied, among other things, upon permanent injuries to her spine, and it was but fair to herself, the defendant, and the court that she should have obtained and produced the best evidence on the subject, and the reasons for resorting to an X-ray were as important before as after the trial. It is a matter of common knowledge that in cities the use of the X-ray for the discovery and diagnosis of internal injuries and abnormal conditions of the human body is of common occurrence. True, it may incur some trouble and extra expense, but the trouble and expense should be no greater before than after the trial, and the reasons and necessities for same should be as imperative for the original trial as for upsetting or overturning the verdict of a jury after it has passed upon the issue to which the examination relates and which was contested upon the trial.

The judgment of the circuit court is affirmed.

Affirmed.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.

[1] 201 Ala. 613.