(106 So. 37)

MADDOX v. JOHNSON. (6 Div. 351.)

(Supreme Court of Alabama. Oct. 22, 1925. Rehearing Denied Nov. 19, 1925.)

1. Evidence ☜152—Plaintiff's testimony that party, whom defendant claimed was owner and possessor of horse taken under writ, was horse-swapper, inadmissible.

In detinue, it was proper for plaintiff to testify that he knew party, whom defendant claimed was owner and possessor of horse taken under writ, but not that such party was known as a horse-swapper.

2. Trial ☜85—No error in overruling objection to entire question calling for both competent and incompetent testimony.

Trial court cannot be put in error for overruling objection to entire question calling for testimony, part of which was proper.

3. New trial ☜102(4)—Not warranted, in absence of showing of diligent efforts to find witnesses not subpœnaed or impossibility of discovering them by such efforts.

In absence of showing that witnesses, not subpœnaed by defendant from March 21, when process was served, until November 1, when case was tried, could not have been discovered by diligent efforts, or that such efforts were made, new trial for newly discovered evidence was not warranted.

4. New trial ☜102(3)—Mere general assertion that reasonable diligence could not have discovered new evidence insufficient.

Mere general assertion that reasonable diligence could not have discovered new evidence is insufficient to warrant new trial.

5. New trial ☜101—Testimony of witnesses, for whom subpœnas were issued but not served before trial, held not ground for new trial.

Testimony of witnesses, for whom defendant directed clerk to issue subpœnas, which were issued but not served before trial, held not newly discovered evidence warranting new trial, especially where he proceeded to trial without effort to have them brought in.

6. Appeal and error ☜1171(3)—Rulings on retaxation of costs not available error.

Question of costs on motion for retaxation does not affect merits of judgment, and trial court's rulings thereon are not available error.

Appeal from Circuit Court, Jefferson County; Romaine Boyd, Judge.

Action by M. J. Johnson against J. D. Maddox, doing business as the J. D. Maddox Mercantile Company. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

The action is in statutory detinue for the recovery of "one red bay horse with a black mane and tail and full forehead."

Plaintiff's testimony showed that his horse of the above description strayed from his place at Trussville on January 3, 1922, and was not heard of any more until June or July following, when, upon information, he went to see defendant Maddox at Irondale, and found him in possession of a horse which plaintiff positively identified as his own, though he admitted the horse was much fatter than when he lost him. On redirect examination plaintiff stated that defendant told him he had known the horse from the time one Mr. White, who lived near Irondale, had owned him. He was then asked "if the Mr. White referred to was known by witness, and, if so, if Mr. White was known as a horse-swapper?"

The bill of exceptions recites:

"Defendant objected to said question on the ground that the same was incompetent, immaterial, and irrelevant testimony."

The objection was overruled, and the witness answered yes.

The disputed question was the identity of the horse; plaintiff's evidence tending to identify the horse found in defendant's possession as plaintiff's horse, and defendant's evidence tending to identify the horse as one that was in the possession of "Mr. White" in March, 1921, and was owned and used by the business firm of Bennett & Burk during the summer of 1921, and was bought by defendant from them in the fall or winter of 1921, since which time he had known him continuously. On this issue each party examined three witnesses, besides himself.

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The jury found for plaintiff, and judgment was rendered accordingly. Defendant seasonably moved for a new trial, setting up the usual grounds, and especially the ground of newly discovered evidence in the testimony of six named witnesses, one of whom, Wm. White (the Mr. White referred to during the trial), it is alleged was out of the state at the time of the trial; and another, J. T. Bennett, was not served with subpœna. The motion avers:

"That the failure to produce the evidence in question on the original trial was not due to any lack of proper diligence on the part of the movant."

In support of the motion, defendant offered the affidavits of himself and of the several witnesses named. Defendant's affidavit avers that "he could not have discovered said evidence with reasonable diligence before the first trial. That by reason of accident, voluntary disclosures, and other circumstances he has been able to discover said testimony" of James T. Overton and B. F. Crain; and Mr. White was out of the state at the time of the trial, unknown to affiant until the case was called. The motion for new trial was overruled.

Defendant also moved the court for a retaxation of costs, involving 19 witnesses who were subpœnaed by plaintiff, and who were present and not examined. This motion was granted to the extent of $50, but denied as to an additional $29 insisted upon by defendant.

Defendant appeals, and assigns for error the several rulings above referred to.

J. S. McLendon, of Birmingham, for appellant.

It was error to overrule defendant's motion for new trial. Fries v. Acme White Lead & Color Wks., 201 Ala. 613, 79 So. 45. The court erred in its judgment on motion to retax costs. C. of Ga. R. Co. v. McGilvary, 16 Ala. App. 344, 77 So. 938. Other questions are discussed by counsel, but without citation of additional authorities.

Matthews & Morrow, of Birmingham, for appellee.

Where a question requires an answer to two different facts, one of which is admissible, an objection to the whole question is properly overruled. Briel v. Exch. Nat. Bank, 180 Ala. 576, 61 So. 277; Adams v. Bibby, 194 Ala. 652, 69 So. 588; Long-Richardson Mer. Co. v. Herron, 3 Ala. App. 525, 57 So. 133; B. R., L. & P. Co. v. Norton, 7 Ala. App. 571, 61 So. 459. On motion for new trial on the ground of newly discovered evidence, the burden is on the applicant to rebut the presumption that the verdict is correct and that there has been a lack of diligence. 20 R. C. L. 289, 290. A judgment will not be reversed for error as to costs. Randolph v. Rosser, 7 Port. (Ala.) 249; Bryan v. Bryan, 34 Ala. 516; Mobile Tr. Co. v. Mobile, 128 Ala. 335, 30 So. 645, 64 L. R. A. 333, 86 Am. St. Rep. 143; 3 Cent. Dig. Appeal and Error, § 4549; 1 Dec. Dig. vol. 2, § 1171 (3).

SOMERVILLE, J. [1, 2] It was proper for plaintiff to testify that he knew Mr. White, claimed by defendant to have been the owner and possessor of the horse taken from defendant's possession under plaintiff's writ of detinue; but we can see neither relevancy nor propriety in his stating that Mr. White was known as a horse-swapper. However, both facts were called for by a single question in two distinct clauses. Defendant's objection should have been limited to the second branch of the question, and the trial court cannot be put in error for overruling the objection directed to the entire question, as we have often ruled. Briel v. Exch. Nat. Bank, 180 Ala. 576, 580, 61 So. 277; Adams v. Bibby, 194 Ala. 652, 69 So. 588.

[3] In accordance with our previous rulings on this subject, we are constrained to hold that defendant's showing as to diligence was not sufficient to warrant the trial court in granting a new trial on the ground of newly discovered evidence.

[4] The suit was filed on March 20, 1923, process was served on defendant on the next day, and the case was not tried until November 1, 1923. There is nothing to show that the four witnesses who were not subpœnaed could not have been discovered by defendant had he made diligent efforts to find persons who could identify the horse as having previously belonged to White and to Bennett and Duke. Nor does it even appear that any such efforts were made at all. A mere general assertion of diligence has been held to be an insufficient showing in that behalf. L. & N. R. R. Co. v. Burke, 198 Ala. 99, 73 So. 416. A fortiori, a mere general assertion that reasonable diligence could not have discovered the evidence is likewise insufficient.

[5] As to the other two proposed witnesses, White and Bennett, it appears that defendant directed the clerk to issue subpœnas for them, and that they were issued but were not served before the trial. Hence it cannot be claimed that they were new discoveries. So far as appears, defendant may have made no effort to have them subpœnaed in due time for the trial; and in any case, he was content to proceed to trial without their presence, and without any effort to have them brought in.

[6] The question of costs, on a motion for their retaxation, does not affect the merits of the judgment, and the trial court's rulings thereon are not available for error to reverse the judgment. Mobile Transp. Co. v.

City of Mobile, 128 Ala. 335 (15), 30 So. 645, 64 L. R. A. 333, 86 Am. St. Rep. 143.

Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.