## HARDENDORF v. GAFNER ET AL.

(No. 2073; December 5, 1938; 84 Pac. (2d) 719)

For the plaintiff in error, the cause was submitted on the brief of *C. A. Zaring* of Basin.

For the defendants in error, the cause was submitted on the brief of *Charles L. Brome* of Basin.

RINER, Justice.

The only question to be resolved in these proceedings in error is whether the district court of Big Horn County erred in a ruling made by it denying a new trial to W. T. Hardendorf on a motion filed by him in that court asking a new trial in an action entitled "Hattie B. Gafner and Drew Prugh, plaintiffs, vs. W. T. Hardendorf, defendant."

The facts pertinent to be now considered are in substance these: On March 4, 1937, the district court aforesaid rendered its judgment in said action in favor of the plaintiffs, this judgment being entered March 13th immediately following. Thereafter and on the 22nd of that month, the defendant aforesaid filed his motion for a new trial, alleging as the only grounds therefor that the judgment of the court was contrary to law and not sustained by the evidence and that said judgment should have been in favor of the defendant and against the plaintiffs. Two days later this motion was, on March 24th, by an order of that date, entered on the 27th of that month, overruled. Subsequently and on June 5, 1937, the defendant Hardendorf filed another motion designated "Supplemental Motion for New Trial," on the alleged ground of newly discovered evidence material to the determination of the issues in the case. This evidence is in said motion stated to consist "of a ruling of the Commissioner of the General Land Office given and written under date of April 27th, 1937, to the effect that the plaintiff herein would not have been permitted to drill upon the lands in question pending the determination of the Unitization plan that

was presented to the Department by this defendant and his associates. That said decision of the Commissioner is hereto attached and made a part of this Motion." It is then alleged merely that "this defendant and his associates used due diligence and made every reasonable effort to obtain this decision prior to the trial of this action, but was unable to do so." The motion concludes with a prayer that the court grant the movant a new trial or that the decree entered in the cause be modified and the defendant given "such reasonable time as the Court may deem proper in which to commence drilling operations on said Permit."

The designated decision of the Commissioner of the General Land Office so attached is in the form of a letter written by that official dated April 20, 1937, addressed to "Mr. A. L. Rankin" of Billings, Montana, and reading in part:

"My dear Sir:

"I have received your letter of March 27, 1937, in which you ask the following question:

"'During the interim between December 18, 1934, and the date of the filing of the unit plan, January 17 and 18, 1936, and the time of the rejectment without prejudice, June 23, 1936, were we not estopped from drilling operations on account of the status of the foregoing permits?'"

After referring to extensions granted a certain oil and gas prospecting permit, Serial No. Buffalo 019946, covering certain lands in Wyoming, together with other permits involved with it, the letter of the Commissioner further states:

"The extensions granted under these permits were on condition that a unit plan be filed, and until such plan was filed the permits were not in good standing and were subject to cancellation. Until placed in good standing by compliance with the conditions of the ex-

tensions, the oil and gas supervisor would not have approved any plans to drill a well on the permit lands."

This motion the court also overruled by an order made August 11, 1937, entered the 13th of that month, this being shortly after the commencement of the August term of the district court in Big Horn County. It is from that order this proceeding in error was prosecuted, the petition in error herein being filed February 9, 1938.

The principal issue tried in the action in which the aforesaid motions were entitled was whether the defendant had complied with an alleged oral agreement to commence drilling upon the lands described in the aforesaid oil and gas prospecting permit "without delay" to "develop said lands for oil production," this agreement being asserted to have been made between the plaintiff, Hattie B. Gafner, and the Spence Dome Oil Company and its officers at the time she gave that company an assignment of said permit. This assignment was taken by the corporation with the name of the assignee left blank and the defendant Hardendorf's name was subsequently inserted therein by the company and its officers.

The procedure invoked by the plaintiff is that prescribed in sub-division 1 of Section 89-2301, which reads:

"A district court may vacate or modify its own judgment or order, after the term at which the same was made:
"1. By granting a new trial when the grounds for a new trial could not with reasonable diligence have been discovered before, but are discovered after the original motion for a new trial has been passed upon by the district court."

4 C. J. 835, Section 2817 reads in part:

"The granting, or the denial, of a new trial on the

ground of newly discovered evidence is within the discretion of the trial court, and its decision will not be disturbed except where there is a clear abuse of discretion. * * * * On the other hand, the decision of the court in granting or denying a motion for new trial will be reversed where it is obvious that the discretion of the court has been abused."

Counsel for all the parties before this court concede in this proceeding that the foregoing excerpt from the text of Corpus Juris "fairly states the law involved." We also are inclined to agree with them that this is so. In this connection the cases of Barrett v. Oakley, 40 Wyo. 449, 278 Pac. 538, and Wells v. McKenzie, 50 Wyo. 412, 62 Pac. (2d) 305, may be referred to as to the granting of motions for new trial. Supplementing the foregoing statement of the law, reference may be made to certain principles which have been repeatedly applied by courts of last resort for the guidance of the judicial discretion vested in the courts of first instance in such matters.

It is evident from the provisions of the very statute here relied upon (Section 89-2301, supra) "reasonable diligence" in discovering the new evidence so that it could be properly and timely presented to the court is necessary. In Demple v. Carroll, 21 Wyo. 447, 133 Pac. 137, 135 Pac. 117, discussing the ground of newly discovered evidence contained in a motion for a new trial made by a defendant, this court said:

"In preparing his case for trial it was the duty of defendant to make inquiry of those persons whom he knew would be most likely to know the facts necessary to establish his defense. It does not appear that these persons were consulted about the matter, or the books of the company examined before the trial, nor is any reason for the failure to do so stated, or that any effort was made to produce such evidence on the trial. A party cannot neglect to exercise such reasonable diligence in the preparation of his case as the circumstances would reasonably suggest and as will enable

his attorneys to take the necessary steps to procure the evidence, go to trial without it, and when defeated be entitled to a new trial for the lack of evidence which could have been produced had proper diligence been exercised."

In line with this statement appears that of the Appellate Court of Indiana, in the case of McKernan v. Estabrook, 66 Ind. App. 212, 115 N. E. 956, to the following effect:

"It is well settled that, in actions of this kind, based on newly discovered evidence, the complaint must show that diligence has been used to discover and produce such evidence at the trial in which the judgment sought to be vacated was rendered. Hines v. Driver, supra, (100 Ind. 315) ; East v. McKee, supra, (14 Ind. App. 45, 42 N. E. 368) ; Osgood v. Smock (1895) 144 Ind. 387, 40 N. E. 37; Davis v. Davis, supra, (145 Ind. 4, 43 N. E. 935) ; Allen v. Bond, Trustee (1887) 112 Ind. 523, 14 N. E. 492. * * * * * * It has also been held that such complaint must state the facts constituting such diligence. If it consisted in making inquiries, the time, place and circumstances must be stated, in order that the court may know that such inquiries were made in the proper quarter and in due season. Osgood v. Smock, supra; Davis v. Davis, supra; Bertram v. State ex rel., supra, (32 Ind. App. 199, 69 N. E. 479; McDonald v. Coryell (1893) 134 Ind. 493, 34 N. E. 7; Morrison v. Carey (1891) 129 Ind. 277, 28 N. E. 697."

In the same opinion from which the excerpts last above given were taken, the Indiana court had previously said:

"It is a well-settled policy of the law in this state to look with disfavor upon actions of this kind, and grant such applications with reluctance. The courts therefore require a very strict showing to be made of all the necessary facts before relief will be granted, and will indulge strong presumptions that by proper effort the party might have discovered the evidence and used it on the trial, and that his not having done so is owing either to intentional omission or to unpardonable

neglect. To rebut this presumption, he must make out a case free from delinquency. His excuse must be so broad as to dissipate all surmise to the contrary. He must show that he was on the alert, but that, notwithstanding, the evidence eluded him. Hines v. Driver (1884) 100 Ind. 315; Davis v. Davis (1896) 145 Ind. 4, 43 N. E. 935; Keisling v. Readle (1891) 1 Ind. App. 240, 27 N. E. 583; The Chicago, etc. R. Co. v. McKeehan (1892) 5 Ind. App. 124, 31 N. E. 831; East v. McKee (1895) 14 Ind. App. 45, 42 N. E. 368; Bertram v. State ex rel. (1904) 32 Ind. App. 199, 69 N. E. 479; First National Bank v. Mulford (1911) 48 Ind. App. 84, 95 N. E. 432; Meldon v. Cox (1916) 60 Ind. App. 403, 110 N. E. 1008; Zimmerman v. Weigel (1902) 158 Ind. 370, 63 N. E. 566."

The later case of State Storage, Inc. v. Scheper, 95 Ind. App. 157, 181 N. E. 385, is to the same effect. See also American National Bank of Oklahoma City, Okla., v. Garland, 220 S. W. (Texas Civil App.) 397; Houston Packing Co. v. Benson, 114 S. W. (2d) (Texas Civil App.) 429; Van Tinder v. Birmingham Railway, Light & Power Co., 202 Ala. 474, 80 So. 858; all of these being cases where the moving party failed to make proper inquiry where, if such inquiry had been made in time, the evidence would have been available for use at the trial of the actions.

Discussing the requisites and sufficiency of a motion for new trial on the ground of newly discovered evidence, 20 Ruling Case Law, Page 307, Section 88, says: "General averments as to diligence are not sufficient. The facts should be set out, and negative fault on the part of the movant." So the supreme court of Iowa in Danner v. Cooper, 215 Iowa 1354, 246 N. W. 223, has said:

"The applicant for a new trial on the ground of newly discovered evidence must have used due diligence to discover and produce the evidence at the trial. (Citing authorities.)

"The burden. is upon the appellants to show such

due diligence. The affidavits must contain more than the mere conclusions of the movants and their attorneys that they have made diligent effort to obtain the evidence, or that they have exercised due diligence in that respect. The affidavits must show what was done in order to discover and produce the evidence. See First State Bank of Riverside v. Tobin, 204 Iowa 456, 215 N. W. 767; Smith v. Wagaman, 58 Iowa 11, 11 N. W. 713."

In Inter-City Finance Corporation v. McGowan, 174 Okla. 22, 49 P. (2d) 698, the court pointed out that:

"It is not sufficient for the movant to allege due diligence, for that is but a conclusion. He should allege and prove facts evidencing such diligence. Magnolia Petroleum Co. v. McDonald, 168 Okl. 255, 32 P. (2d) 909."

In Maddox v. Johnson, 213 Ala. 695, 106 So. 37, where defendant's affidavit in support of his motion for a new trial stated that "he could not have discovered said evidence with reasonable diligence before the first trial," the criticism by the court of this language was:

"A mere general assertion of diligence has been held to be an insufficient showing in that behalf. L. & N. R. R. Co. v. Burke, 198 Ala. 99, 73 So. 416. A fortiori, a mere general assertion that reasonable diligence could not have discovered the evidence is likewise insufficient."

See also Travis v. Bacherig, 7 Tenn. App. 638.

Said the Supreme Court of Washington in Lawrence et ux. v. Farmers' Mutual Insurance Co. of Enumclaw, Wash., 174 Wash. 588, 25 P. (2d) 1029:

"A new trial on the ground of newly discovered evidence is not warranted unless it appears that the evidence could not have been discovered before the trial by the exercise of reasonable diligence."

And thereafter in the same opinion remarked:

"On March 2, 1933, when appellant verified its an-

swer, in which the affirmative defense of additional insurance was pleaded, there were available the same channels through which appellant's investigation more than six weeks later disclosed the evidence urged as a basis of the motion for a new trial. Appellant made no showing of diligence in support of its motion for a new trial on the ground of newly discovered evidence."

Similarly in O'Malley v. Illinois Publishing and Printing Co., 194 Ill. App. 544, where the court was considering the merits of a trial court's refusal to grant a new trial, this language was used:

"The material point is not that the testimony discovered came to the knowledge of defendant after the trial, but, could such evidence have been procured for use upon the trial by the exercise of due diligence. It is evident that the same agencies which discovered such evidence after the trial were just as available to defendant before the trial.

"It is a strong case that will warrant a court of review in reversing the judgment of a trial fairly had on the ground of newly-discovered evidence."

To the same effect is Robbins v. Bell, 195 S. W. (Texas Civil App.) 865, where it was said:

"It occurs to us that the facts fail to show any diligence on the part of appellant. The same diligence that secured the evidence after trial would have secured it before trial. The opportunities to have secured it before the trial were the same as those after trial. It is elementary that diligence before trial must be shown. Further, much force is, and should be, given the trial judge's action in such cases."

The Supreme Court of California in the case of In re Cover's Estate, 188 Calif. 133, 204 Pac. 583, indicates the manner in which a motion for a new trial on the ground of newly discovered evidence should be viewed in that jurisdiction as follows:

"Finally, it is contended that appellant's motion for a new trial should have been granted upon the showing

of newly discovered evidence made in support of the motion. Ordinarily newly discovered evidence is looked upon with disfavor, and a party relying thereon must make a strong showing of diligence on his part in preparing for trial. Herralson v. Barrett, 99 Cal. 607, 34 Pac. 342; Tibbet v. Sue, 125 Cal. 544, 58 Pac. 160; Arnold v. Skaggs, 35 Cal. 684."

This view is reiterated by the District Court of Appeal in the later case of Vertson v. City of Los Angeles, et al., 116 Cal. App. 114, 2 Pac. (2d) 411. And the court in Northwest Arkansas Farmers' Mutual Tornado Insurance Co. v. Osborn, 180 Ark. 757, 22 S. W. (2d) 387, substantially agreed to the doctrine announced by the California courts aforesaid in its use of this language:

"On the second ground for reversal, it may be said that courts are reluctant to grant a new trial on the ground of newly discovered evidence. A case where a showing made requires a new trial is unusual, and applications for a new trial for this cause are not favored, especially where the newly discovered evidence consists largely of conclusions and hearsay. 46 C. J. 216. This court early adopted the rule that the action of the trial judge in refusing to set aside a verdict on these grounds would not be disturbed unless there was a clear abuse of his discretion."

The Supreme Court of Ohio in Domanski v. Woda et al., 132 Ohio St. 208, 6 N. E. (2d) 601, formulated the following principles for the guidance of courts and counsel in that state:

"The cases generally agree that newly discovered evidence must be other than that which might have been known before the termination of a trial, had due diligence been used. Furthermore, new trials for newly discovered evidence are looked upon with disfavor by the courts, for the reason that the adoption of a favorable view would be prone to encourage loose practice. The granting or refusing of a new trial on the ground of newly discovered evidence rests largely

within the sound discretion of the trial court, and where no abuse of discretion is manifest a reviewing court should not interfere."

With the purport of the decisions above cited before us we are obliged to reach the conclusion in the case at bar that the trial court did not err in denying the defendant's supplemental motion for a new trial. The statement in the motion, "That this defendant and his associates used due diligence and made every reasonable effort to obtain this decision prior to the trial of this action, but was unable to do so," is but a conclusion. No facts are thereby set forth which would enable the trial court or this court to determine whether "due diligence" has been used or whether "every reasonable effort to obtain" this evidence prior to trial had been made.

It is urged on behalf of the plaintiff in error that there were no counter-affidavits submitted and hence this showing should prevail. But the letter of the Commissioner of the General Land Office, attached to and made a part of the motion, itself shows that it was written in response to a letter from Mr. A. L. Rankin, who the record discloses was one of the officers of the Spence Dome Oil Company, under date of March 27, 1937. The defendant appeared to respond to the plaintiffs' petition by demurrer thereto on November 21, 1936. The trial of the case was not begun until March 2, 1937. The first motion for a new trial was not disposed of by the court until March 24, 1937. Why Mr. Rankin's inquiry was not made before the 27th of that month is left wholly to conjecture, and we can see no reason for its not having been made, as well as answered, long before the trial in this action occurred.

Additionally, we may note that the trial court was not supplied with the full text of Mr. Rankin's communication to the Commissioner and that the latter's letter is merely an ex parte statement of an opinion

which might have been different if it had been given as a ruling after contest of the point and a hearing had thereon. It would also occupy a different status as evidence. It may be noted also that the pertinent part of the letter aforesaid purports to state what another officer, viz., the oil and gas supervisor, would have done under certain conditions. The Commissioner of the General Land Office may or may not have been correct in his views as to the course of procedure this officer would have adopted. At any rate, we have grave doubt whether his conclusions thus phrased and advanced, under the circumstances disclosed by the record, should have been regarded by the district court as newly discovered evidence at all. We fail to see also, as already intimated, that there was any sufficient showing of diligence in the matter. We accordingly conclude that the order of the district court of Big Horn County declining to grant the defendant's supplemental motion for a new trial should be affirmed, and an order to that effect will be entered.

A motion to dismiss the proceedings in error was filed by the defendants herein, but in view of what has been said above, it will be unnecessary for us to do other than deny the motion.

*Affirmed.*

BLUME, C. J., and KIMBALL, J., concur.